31567. WILKES v. THE STATE.

HALL, Justice.

Appellant was convicted of armed robbery by the Superior Court of Lowndes County. He appeals.

On January 12, 1976, Belcher's Drug Store in Valdosta was held up. A man wearing a ski mask and carrying a gun entered the store and took narcotics and cash. There were several eyewitnesses to the crime who later identified the gun, the ski mask used in the robbery, and the stolen drugs. While appellant denied any part in the incident, his wife testified against him, connecting appellant to the crime.

1. Appellant contends that the trial court incorrectly overruled his motion for directed verdict and that the

verdict is contrary to the evidence because the state failed to show the venue of the offense as required by Code Ann. §§ 2-4906 and 27-1101. Those two Code sections provide that all criminal cases be tried in the county where the crime was committed, except in cases where an impartial jury cannot be obtained in that county.

The only evidence presented by the state to show venue of the crime was elicited from the prosecutor's examination of Dr. Belcher, the owner of the drug store. When asked, "Is your store in Lowndes County?" Dr. Belcher replied, "Ah, 310 North Patterson Street." Appellant contends this was not sufficient to establish clearly and beyond a reasonable doubt the venue of the crime, as required by this court's holding in *Murphy v. State,* 121 Ga. 142 (1) (48 SE 909) (1904).

Subsequent to the trial, the state made a motion to amend the trial transcript to disclose more fully what had occurred. At the hearing several people who were present at the trial testified that when Dr. Belcher answered, "Ah, 310 North Patterson Street," he was nodding his head to indicate an affirmative answer to the question "Is your store in Lowndes County?" Also tendered into evidence was the certificate of the trial judge, stating that Dr. Belcher had nodded his head in an affirmative manner. The court's order following this hearing provided that the trial transcript should be amended to indicate Dr. Belcher's affirmative nod.

This court has held that "Evidence as to venue, though slight, is sufficient where there is no conflicting evidence." *Aldridge v. State,* 236 Ga. 773 (1) (225 SE2d 421) (1976). There was no conflicting evidence as to venue in this case. In addition, the proper standard used by this court in reviewing the overruling of a motion for directed verdict is the "any evidence" test. *Mitchell v. State,* 236 Ga. 251 (4) (223 SE2d 650) (1976). Applying these standards to the evidence in this case, we find appellant's contentions to be without merit.

2. Appellant contends the trial court erred in denying his motion for change of venue on the grounds of prejudicial pre-trial publicity. See Code Ann. §§ 27-1101 and 27-1201.

The test as to whether pre-trial publicity has so

prejudiced a case that an accused cannot receive a fair trial is whether the jurors summoned to try the case have formed fixed opinions as to the guilt or innocence of the accused from the pre-trial publicity. *Krist v. Caldwell*, 230 Ga. 536, 537 (198 SE2d 161) (1973). The evidence in this case does not show that the jurors selected to try appellant's case had formed fixed opinions as to guilt or innocence from the media accounts. Appellant's enumeration is therefore without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 12, 1976 — DECIDED DECEMBER 1, 1976.

*Edwards, Edwards & Edwards, H. B. Edwards, III,* for appellant.

*Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn,* for appellee.