## 60439. BURT v. THE STATE.

Quillian, Presiding Judge.

Defendant appeals his conviction for theft by taking. *Held:*

1. The first enumeration is that the trial court erred in denying a motion for new trial based on the general grounds. The undisputed evidence is that on three occasions defendant sold a substantial number of aluminum bars to an aluminum recycling company in Albany. Because of markings on some of the bars, the manager of the company became suspicious of their source. He discovered that a foundry in Moultrie had molds which fit some of the bars received from defendant. Defendant was employed by the foundry and had access to its stock of aluminum bars in his work. The foundry manager identified the aluminum bars received from defendant by the recycling company as belonging to the foundry. Defendant had no permission to take any aluminum from the foundry. An inventory showed that the foundry was missing more aluminum by weight than defendant had sold to the recycling company. By prearrangement with an agent of the GBI, when the recycling company paid defendant for his last delivery of the aluminum bars, he was arrested. After Miranda rights warnings by the GBI agent, defendant voluntarily stated that it looked like he had been caught, that it was

getting close to Christmas and he needed the money, and that he had done it all by himself.

Defendant contends that his conviction was based on circumstantial evidence which did not exclude every' other reasonable hypothesis save that of guilt. We find no other reasonable hypothesis except that indicating guilt and that the evidence is amply sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant claims error because statements made by him to police authorities were admitted despite evidence that they were obtained after he indicated he wanted a lawyer. From conflicting evidence the trial court found the statements were admissible. " 'Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous.' " *High v. State,* 233 Ga. 153, 154 (210 SE2d 673). We find that the trial court's determination was not clearly erroneous and that the statements were properly received in evidence.

3. Defendant enumerates as error the denial of his motion to suppress the admission in evidence of items taken from his person after he was allegedly unlawfully arrested without a warrant. We find no indication that any of the items taken from defendant were admitted as state's evidence although they were testified to by witnesses without objection.

" 'It is harmless error to overrule a motion to suppress evidence which is never introduced; furthermore, testimony is outside the scope of a motion to suppress, and should be objected to on the trial...' [Cits.] '(F)ailure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged...' [Cit.]" *Jackson v. State,* 146 Ga. App. 736 (247 SE2d 512).

4. The remaining enumeration has no merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED OCTOBER 16, 1980.

*Elsie H. Griner, Timothy J. Warfel,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.