## 65368. BENNETT v. THE STATE.

BIRDSONG, Judge.

Alonzo Bennett was convicted of burglary and sentenced to seven years with five to serve. He brings this appeal enumerating five alleged errors. *Held:*

1. In his first enumeration, Bennett complains that the trial court erred in allowing a state's witness to give an opinion or impression that the appellant intended to steal her purse. Our examination of the transcript compels us to conclude that Bennett has misconceived the purpose of the testimony. In complete context, inasmuch as nothing of value was taken from the house, Bennett's intent for being in the house was very relevant. One of the occupants made the statement that she believed the appellant had come into the house to take her purse. Evidence was offered that it was common knowledge about the neighborhood that the witness often gave money to those who were needy or who had performed personal services for the witness. She also stated that Bennett had been in the house the day before (as he had on many previous occasions) and had observed her when she went to the bedroom and removed some money from her purse. It was then she surmised he had seen her pocketbook and perhaps decided to take it.

The trial court admonished the jury that it could not consider her opinion as to the state of mind of the appellant but that she could state her reason why she believed the appellant might have been seeking her pocketbook. Considering the totality of the witness' testimony, there was no error in allowing the witness to give her opinion as to what she thought was the purpose of appellant's illegal entry where the opinion's basis was submitted to the jury for its

evaluation and weight. *Willis v. State,* 154 Ga. App. 164 (2) (268 SE2d 673). The trial court did not err in allowing this evidence.

2. Appellant's second enumeration is wholly lacking in merit. The trial court at the close of the first day of the proceedings explained to the jury that the trial judge was required to serve periodically on a sentence review panel and he had that duty the following morning which necessitated the postponement of the resumption of trial until afternoon of the next day. Appellant belatedly moved for a mistrial on the grounds that the court had expressed an opinion as to guilt by commenting upon the appellate process and especially the sentence review process.

The record simply does not support any error in this complaint. The explanation was made in the most general terms and could only have been interpreted by the jury as an explanation why the court would not reconvene at the normal early morning working hour. There was no reference to the appellate courts and the remark did not in any way suggest that the jurors should disregard their responsibility because of the possibility of an appeal. *Hood v. State,* 157 Ga. App. 282, 285 (6) (277 SE2d 261).

3. In his third enumeration of error, appellant sought to explain that he was limping because he had been robbed earlier and suffered an injury during the robbery attempt. During cross-examination the state's attorney queried if perhaps Bennett had not been the robber and his injury resulted when the victim defended herself. Appellant denied such an occurrence and the state did not pursue the matter. The question and answer was not placed in a context that such had occurred (i. e., an accusatory question) but was simply a question if such might be the true nature of the injury. No objection was made at the time of the question and answer. It was only later that a motion for mistrial was made.

We reject this enumeration upon either of two grounds. By failing to make a timely objection, Bennett has waived any objection that might have been made. *Burt v. State,* 156 Ga. App. 127, 128 (3) (274 SE2d 124). Moreover, a mistrial will not lie where evidence is admitted without objection (*McCormick v. State,* 152 Ga. App. 14, 15 (2) (262 SE2d 173)) and a motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely. *Favors v. State,* 145 Ga. App. 864, 867 (4) (244 SE2d 902).

4. In enumerations 4 and 5, Bennett enters complaint concerning the charge of the court. In enumeration 4 he urges the trial court erred in refusing to charge on circumstantial evidence. In this case the evidence established that Bennett was seen crawling about in the house and unequivocally was identified by an occupant of the house. A charge on circumstantial evidence, even when requested, is

not required where the state's case does not rest wholly on circumstantial evidence, for where there is some direct evidence, a charge on circumstantial evidence is not required. *Vilicic v. State,* 152 Ga. App. 207, 209 (3) (262 SE2d 502).

In enumeration 5, appellant urges that the court erred in defining reasonable doubt as a "doubt for which a specific reason can be given." This contention was considered and expressly rejected by the Supreme Court in the case of *Ranger v. State,* 249 Ga. 315, 320 (5) (290 SE2d 63).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 14, 1983 —
REHEARING DENIED MARCH 3, 1983 —

*James W. Howard,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Margaret V. Lines, Assistant District Attorneys,* for appellee.