### 72202. KERI v. THE STATE.
(347 SE2d 236)

BIRDSONG, Presiding Judge.

The defendant, Julius Keri, appeals his conviction of two counts of child molestation. Defendant Keri was the live-in boyfriend of the natural mother of the two children involved, a boy 9 years of age and a girl 8 years of age. The children's parents separated in 1978 and later divorced. The father had custody of the children and moved to South Carolina until April 1983, when he returned to Georgia. After his return, the mother contacted him about visiting the children. It was agreed that the children would visit with the mother in her home on the first and third weekends of each month.

The mother and the defendant moved to the Covered Bridge

Condominiums in Cobb County in October 1983. The children visited their mother in those apartments every other weekend. Subsequently, the childrens' desire to visit with their mother changed, and the children ultimately told their stepmother about the acts allegedly committed by Keri. The police were notified and the father was eventually referred to the Marietta police who had jurisdiction over the apartments where the mother lived. The visitation by the children with their mother began in June 1983 and ceased in September 1984. The indictment charged the molestation occurred on September 15, 1984. The children testified the defendant sexually molested them and made them perform unnatural sex acts with him and with each other. They could not specify an exact date, but some of the acts occurred in the apartment where the defendant and their mother lived. The defendant denied the offenses but admitted he took the children to the bathroom during the night to prevent them from wetting the bed, and he did assist them in the bathroom. The jury found the defendant guilty on both counts, and he brings this appeal. *Held:*

1. Defendant alleges the trial court erred in allowing Nancy Aldridge "to testify as an expert as to hearsay statements made by" the children allegedly abused by defendant. Ms. Aldridge had a Master's degree in social work and was also a psychologist and a registered nurse. Her RN training included psychiatry as well as psychology. She was employed as a marital and family therapist. Her testimony centered on the child abuse accommodation syndrome, which is used as an aid in determining whether a child has been sexually abused. Ms. Aldridge stated that sexually abused children exhibit five characteristics: (1) secrecy, (2) helplessness, (3) entrapment and accommodation, (4) delayed disclosure or conflicting disclosure, and (5) retraction. She testified that sexually abused children are secretive usually because of threats, intimidation or coercion by the abuser. They are small and an adult abuser is large, and they feel helpless to do anything about the abuse. Children delay disclosure because sometimes they do not understand, and do not have the vocabulary to tell someone what is happening to them, and they feel if they tell they will have to explain why they have not told before. Some children acquiesce or accommodate the abuse and adjust to the acts and live with them because the abuser is an authority figure. Children accommodate abuse by fantasizing, acting out, or acting in. They become aggressive, fight, tear up toys, call their teachers bad names, etc. Children delay disclosure mainly because of fear. In the instant case, both children testified they were shown a sword and the defendant told them he had killed a man with it. The young girl said the defendant told her he would kill her if she told. There was no retraction in this case.

Ms. Aldridge was offered by the state as "an expert on abused

children." The prosecutor argued that her testimony "may come under the exception of being in [sic] part of her medical diagnosis and what the children told her as part of her diagnosis." The state claimed the witness was entitled to say whether these children displayed the symptoms she had described. Ms. Aldridge said that her diagnosis did depend in part on what the children told her. Defendant's objection was based on hearsay and the fact that since this interview occurred about ten months after the alleged acts, the statements could be a product of reflection and afterthought. See *Parker v. State*, 162 Ga. App. 271, 273 (290 SE2d 518). The state offered these statements for the purpose of showing the out-of-court declarations occurred and not for the purpose of proving what was said by the children. The court instructed the jury that the childrens' declarations to Ms. Aldridge were offered to show such statements were made in connection with an evaluation by the witness, and not for the purpose of proving what the children said was true. The court also instructed the jury that they could not consider the testimony of Ms. Aldridge to bolster the testimony of the children as to what may or may not have occurred, and the only purpose of admission of such statements by the children to Ms. Aldridge was that she used the statements made to her with an evaluation in her role as therapist for the children.

On *cross-examination*, Ms. Aldridge stressed that she believed the truth of what the children told her and that they were not fantasizing because children fantasize about things they know, and their fantasies are not about sexual conduct unless they have experienced it. In response to questions by the defense, Ms. Aldridge cited the behavior of the children and the details of the sexual conduct related to her by the children, as a basis for determining if the children fitted into the five categories of the sexually abused child accommodation syndrome. Defendant's counsel brought out the original act of the defendant in molesting the young boy, how the defendant molested the young girl in the shower, and why the young boy was acting out aggressively — because of his stronger ego. Finally, counsel asked the witness if she would change her opinion if she found out the father of the children had a deviate sexual trait, and she replied: "I do believe that these children were abused by Mr. Keri from what they have told me. . . . I don't believe they have been abused by anyone else."

On appeal, defendant argues that even though OCGA § 24-3-4 provides an exception to admission of hearsay for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms . . . or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment," such "statements made to medi-

cal personnel for the purposes of diagnosis and treatment are inherently untrustworthy." We do not agree with counsel that statements made to a doctor, or a designated medical assistant, involving medical history, symptoms or cause of the visit to the doctor, which are reasonably pertinent to a diagnosis or treatment, are "inherently untrustworthy." And, although the statements by the children to the psychologist were made for the purpose of her diagnosis, we prefer to base our decision on another predicate, i.e., it is within the sound discretion of the trial court to permit expert opinion to aid the jury in understanding other testimony whenever the court finds it to be helpful or necessary. *Jones v. State*, 232 Ga. 762, 764 (208 SE2d 850). And, although an expert need not state the facts upon which she bases her opinion, it is error to refuse to permit her to do so for the purpose of showing the basis of the opinion. *Martin v. State*, 151 Ga. App. 9 (5) (258 SE2d 711). It matters not whether such facts are sought on direct or cross-examination. *State Hwy. Dept. v. Howard*, 119 Ga. App. 298, 303 (167 SE2d 177). We have found no abuse of discretion.

The state qualified Ms. Aldridge as an expert in the field of psychology, with some medical expertise in nursing and psychiatry. The qualification of a witness as an expert is addressed to the sound discretion of the trial court. *Hicks v. State*, 157 Ga. App. 79, 80 (276 SE2d 129). Such expert testimony must relate to scientific or technical knowledge within the witness' expertise. Here the testimony of this expert was helpful to the jury in determining why sexually abused children are secretive, why they were frightened, why they act out and become disciplinary problems, and why the children could not give specific dates for the acts they say were committed by the defendant. The trial court did not abuse its discretion in admission of this testimony for those purposes. Counsel for defendant introduced the opinion of this witness that she believed the children when they told her the defendant committed these acts. Asserted prejudice based upon induced error is impermissible. *Edwards v. State*, 235 Ga. 603, 604 (221 SE2d 28). We find no reversible error in the admission of this witness' testimony.

2. The competency of a witness, in cases involving infancy, is for the court. OCGA § 24-9-7 (a). The test specified by our code is whether the child "understand[s] the nature of an oath." OCGA § 24-9-5. Decisions of the trial court on issues of competency will not be overturned in absence of abuse of discretion. *Porter v. State*, 237 Ga. 580, 581 (229 SE2d 384), U. S. cert. den. 430 U. S. 956. This case is similar to *Smith v. State*, 247 Ga. 511 (277 SE2d 53) in which an eight and a nine-year-old child were found competent. We find no abuse of discretion in the ruling of the trial court finding these eight and nine-year-old children competent.

3. When viewed in the light favorable to the verdict, the admissible evidence is sufficient to enable any rational trier of fact to find the existence of the offenses charged against the defendant beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. The trial court did not err in denying defendant's motion to limit the state to the date alleged in the indictment, or, in the alternative, to require the state to disclose any date which it intended to prove as the date of the crimes for which defendant was indicted. Defendant notified the court that he would present the defense of alibi for the date alleged in the indictment. In return, the district attorney advised defendant they would not be bound by the indictment date. The state presented evidence, through the expert testimony of Ms. Aldridge, a psychologist, that it "would not be surprising to me that these children could not tell you when it started. . . . They have a real difficult time telling time and knowing dates." This was demonstrated in the testimony of the two children. Neither could give approximations of when these acts occurred. They knew that they occurred in the apartment of their mother. The mother lived in that apartment from October 1983 to September 1984. The state cannot be more specific than the evidence permits. An indictment must allege "some specific date" for commission of the offense or it is defective and subject to demurrer. *Lyles v. State*, 215 Ga. 229, 231 (109 SE2d 785). However, evidence of guilt of an accused is not restricted to the day mentioned in the indictment, but may extend to any appropriate date previous to the finding in the indictment, and within the statute of limitation for the prosecution of the offense charged. *Carmichael v. State*, 228 Ga. 834, 837 (188 SE2d 495); *Gravitt v. State*, 220 Ga. 781, 783 (141 SE2d 893); *McGruder v. State*, 213 Ga. 259 (1) (98 SE2d 564). The statutory limit on prosecution for the felony charged here is four years. OCGA § 17-3-1 (c). The offense was charged as being committed on September 15, 1984, and the testimony showed that it must have occurred between the dates of October 1983 and October 1984. Here, the trial court charged the jury that if they believed beyond reasonable doubt that at any time within four years next preceding the date this bill of indictment was filed in this court that the defendant did commit these offenses they would be authorized to find the defendant guilty. This charge has been approved in various decisions by the appellate courts of this state. *McCoy v. State*, 174 Ga. App. 621, 623 (330 SE2d 746). The evidence in this case clearly showed the alleged offenses occurred in 1983 or 1984 and the indictment was returned December 13, 1984. This enumeration is without merit. *Arnold v. State*, 167 Ga. App. 720 (1) (307 SE2d 526).

5. Evidence to sustain venue may be either direct or circumstan-

tial. *Loftin v. State*, 230 Ga. 92, 94 (195 SE2d 402). Evidence as to venue, even though slight, is sufficient where there is no conflicting evidence. *Wilkes v. State*, 238 Ga. 57, 58 (230 SE2d 867). There was sufficient evidence to establish venue in Cobb County.

6. Error is enumerated in the denial of defendant's motion for mistrial after the state's opening statement in which the prosecutor related to the jury that the defendant had committed similar acts with these victims, other than the ones charged "over a period of time." The state contends defendant waived his right to object by waiting until the next day to state his objection. We agree.

The defendant moved for a mistrial on the basis that the prosecutor's opening remarks informed the jury "the defendant committed similar transactions or occurrences on numerous occasions," and the state had failed to comply with Rule 31 of the Uniform Superior Court Rules. We need not reach that issue because of the delay by the defendant in asserting such right. The sequence of events was as follows: Following motions and selection of the jury, and an opening charge by the court to the jurors on their duties, the state made opening argument in which the objected-to statement was made. The defendant reserved the right to make an opening statement until the close of the state's evidence. The witnesses were called and instructed on sequestration. The court then inquired if there were any matters to be taken up before the evening recess and was advised by defendant's counsel there was none. The court excused the jurors and then asked if there were "other matters to be taken up outside the presence of the jury." Defendant's counsel again gave a negative response and the court adjourned. The following morning counsel first made known his objection to the remarks of the prosecutor during the opening remarks the preceding day.

This court addressed a similar issue in *Bennett v. State*, 165 Ga. App. 600 (3) (302 SE2d 367), in which counsel failed to object to a question and answer until a later time in the trial. We found no reversible error because "[b]y failing to make a timely objection, [defendant] has waived any objection that might have been made. *Burt v. State*, 156 Ga. App. 127, 128 (3) (274 SE2d 124). Moreover, a mistrial will not lie where evidence is admitted without objection (*McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173)) and a motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely." In *Favors v. State*, 145 Ga. App. 864, 866 (244 SE2d 902), where improper remarks were made during closing argument, we stated: "It has been held by this court many times that, when improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the

court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial." See also *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221). "Failure to object amounts to a waiver." *Gerdine v. State*, 136 Ga. App. 561, 563 (222 SE2d 128). Hence the issue is whether the objection was made "contemporaneously." *Bennett*, supra. Webster defines "contemporaneous" as "existing, occurring, or originating during the same time." Webster's New Collegiate Dictionary. Where no objection is made during the allegedly improper argument, or on the same day, and a motion for mistrial is not made until the following day, it cannot be said that the objection was made contemporaneously. Our Supreme Court has held that "generally, one must assert his rights properly or face the possibility of their being forever lost." *Bostick v. Ricketts*, 236 Ga. 304, 306 (223 SE2d 686). This enumeration is without merit.

7. We have carefully examined the remaining enumerations of error and have found no reversible error.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED MAY 22, 1986 —
REHEARING DENIED JULY 7, 1986.

*James P. Peters, Thomas J. Killeen*, for appellant.
*Thomas J. Charron, District Attorney, Frank R. Cox, Debra H. Bernes, Assistant District Attorneys*, for appellee.

