A89A0708. INGRAM v. THE STATE.
(384 SE2d 262)

BIRDSONG, Judge.

Appellant, Bobby Lee Ingram, appeals his conviction and sentence of selling cocaine. Appellant was charged in a one-count indictment in that he did, on November 22, 1987, in Charlton County, unlawfully deliver, distribute, and sell a controlled substance, to-wit: cocaine, a Schedule II substance, to Ricky Sirmans, in violation of the Georgia Controlled Substances Act. Appellant was found guilty of this count by the jury.

Deputy Sheriff Rick Sirmans testified that he left the sheriff's office at about 9:15 p.m. on November 22, 1987, and drove directly to a place known as "the sticks." He did not know the name of the street. He was flagged down by an individual. Thereafter, appellant asked him "what did I need." Deputy Sirmans told appellant he needed a "twenty dollar rock." Appellant gave Deputy Sirmans a twenty dollar rock, and Deputy Sirmans gave appellant $20 in return. Deputy Sirmans made an in-court identification of appellant. This twenty dollar rock was later found during laboratory testing to contain a form of cocaine, known commonly as "crack."

On cross-examination Deputy Sirmans testified that he believed the incident occurred on November 22, 1987, at approximately 9:25 p.m. and that he believed it was on a Saturday, but he is not sure. He also testified that the appellant "looks like" the same man who sold him the twenty dollar rock. Deputy Sirmans then replied to questions as follows. "Q. You can't say for sure that this is the same man, can you? A. Yeah. Q. You can say that? A: Uh'huh." Deputy Sirmans also testified that he believed the incident occurred on "Oak Street" in the "sticks," but he is not familiar with local streets. Appellant's counsel also asked Deputy Sirmans whether a tape recording had been made of the incident and was given an affirmative reply. However, photographs, videotapes and fingerprints were not taken.

On re-direct examination, Deputy Sirmans testified, without objection from appellant, that the recording was made on a "tape recorder," the recorder could record sounds and voices, that he knew how to operate it and had been shown how to do so, that he had operated tape recorders similar to it before; that he thereafter listened to a portion of the tape, the recording was understandable, you could identify the various speakers thereon, the tape was about fifteen minutes long, while in his custody nothing on the tape had been deleted or altered, that no persons speaking on the tape were doing so as a result of any duress or threats, and that the tape was brought back and given to Deputy Cahall. Immediately following this testimony, re-direct examination terminated. Appellant's counsel made no motions to strike this testimony, motions for mistrial or requests for curative instructions, and waived re-cross examination.

The State called Deputy Cahall as a witness. He testified that State's Exhibit 1, an envelope containing rock cocaine, was received from Deputy Sirmans on November 22 and placed in the property room. Deputy Cahall subsequently took the envelope and its contents to the crime laboratory. Appellant did not object to this testimony. Deputy Cahall identified State Exhibit 3, the tape and recorder referred to by Deputy Sirmans that was given to Deputy Cahall on November 22, 1988. Deputy Cahall characterized the tape as being of poor quality with some voices hard to distinguish. Appellant did not

object to this testimony. Subsequently when the State attempted to play the tape in evidence, appellant objected to the playing of the tape as an alleged statement of the defendant and because the State had not previously provided appellant with a copy thereof. The State withdrew its tender. Appellant thereafter did not renew any request for production of the tape. Deputy Cahall also testified that he properly warned appellant of his *Miranda* rights, which appellant waived and thereafter made a voluntary statement. The statement was admitted in evidence. In the statement, appellant admitted to the use of drugs but denied any drug sales. The State introduced the statement to show appellant's state of mind. Appellant's objection that the statement was not relevant and "prejudicial" was overruled. Deputy Cahall on re-cross examination testified that the drug buy was to have taken place on "Long Street" in "the sticks."

Appellant's wife, brother, and mother testified in corroboration of appellant's alibi defense. Appellant testified in his own behalf, asserted an alibi defense, and denied selling cocaine. *Held*:

1. Appellant's enumerations of error A, B, C, D, E, and F are without merit. On appeal the evidence must be construed to uphold the verdict. *Johnson v. State*, 231 Ga. 138 (1) (200 SE2d 734); *Harris v. State*, 188 Ga. App. 795 (374 SE2d 565). Appellate courts do not weigh the evidence or determine the witness credibility. *Banks v. State*, 185 Ga. App. 851 (3) (366 SE2d 228). Review of the transcript in a light most favorable to the jury's verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

2. Appellant asserts that it was error for the court to admit the testimony of Jeff Cahall, because he could not link the alleged crack cocaine to the defendant, Bobby Lee Ingram.

Appellant did not object at trial to the testimony of Deputy Cahall on these grounds. "If counsel desires to preserve an objection upon a specific point for appeal, the objection must be made at trial upon that specific ground." *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629). Accordingly, "[t]here is nothing for us to review since appellant failed to make his objection at trial on the specific ground he attempts to raise on appeal." *Weaver v. State*, 179 Ga. App. 641 (7) (347 SE2d 295).

Moreover, questions of relevancy of evidence, including the issue of materiality, are for the trial court to decide, and this court will not interfere unless it is shown that the trial court abused its discretion. *Garner v. State*, 83 Ga. App. 178, 184 (63 SE2d 225). "Admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rul-

ings absent abuse of that discretion." *Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). No such abuse exists in this case.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 10, 1989.

*Floyd Mincey*, for appellant.

*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.