## S06A0002. FORTSON v. THE STATE.
(629 SE2d 798)

SEARS, Chief Justice.

Michael Fortson was convicted in 1983 of felony murder and two counts of attempted armed robbery for his role in the shooting death of Stephen Hynes.[1] This Court affirmed his convictions,[2] but the Eleventh Circuit granted habeas relief based on a possible conflict of interest in his attorney's representation.[3] Fortson was retried in 1997 and again convicted. On appeal from the latest convictions, Fortson contends that his attorney provided ineffective assistance and that he was improperly denied a full transcript from his first trial. Because Fortson received effective representation, and was not denied the full transcript from his first trial, we affirm the convictions.

1. The evidence introduced at trial showed that during the evening of May 28, 1983, Stephen Hynes and his fiancée Catherine Moore were preparing to eat dinner on the patio outside their Atlanta

[1] The crimes were committed on May 28, 1983. On January 17, 1997, Fortson was indicted by a Fulton County grand jury for felony murder and two counts of attempted armed robbery. On April 23, 1997, a Fulton County jury convicted Fortson of all counts. Fortson received a life sentence for felony murder, and a ten-year consecutive sentence for one count of attempted armed robbery. Fortson moved for a new trial on May 22, 1997. A hearing on the motion was held on October 28, 1999, and the trial court denied the motion on November 14, 2003. Fortson filed a timely notice of appeal. The case was docketed in this Court on August 29, 2005, and orally argued on January 30, 2006.

[2] Hamilton v. State, 255 Ga. 468 (399 SE2d 707) (1986).

[3] Hamilton v. Ford, 969 F2d 1006 (11th Cir. 1992); Fortson v. Burden, 87 F3d 1328 (11th Cir. 1996).

apartment. Fortson and an accomplice approached the couple, carrying guns. Hynes informed the men that his wallet was inside the apartment, and Fortson's accomplice entered the apartment. Fortson attempted to force the couple into the apartment as well, but Hynes and Moore attempted to flee instead. As they were trying to run away, they tripped over some bushes. Moore got up and continued running, but looked back and saw Fortson shoot Hynes. Moore ran to a neighbor's apartment and called the police, but Hynes was dead when they arrived. Moore and another witness identified Fortson in a lineup and at trial. Other evidence, including a distinctive baseball hat and other physical evidence found at the scene, also linked Fortson to the crime.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Fortson guilty of the crimes for which he was convicted.[4]

2. Fortson argues that his attorney rendered ineffective assistance by failing to properly investigate the case, failing to develop Fortson's alibi defense, and asking the State for a continuance. In order to prevail on his claim of ineffective assistance of counsel, Fortson has the burden to show that his trial counsel's performance was deficient and that but for that deficient performance, there is a reasonable probability that the result of the trial would have been different.[5]

At the hearing on the motion for a new trial, Fortson's attorney testified that he purchased and reviewed a copy of the transcript of the original trial, and that he used it for impeachment purposes during the trial. He also testified that he met with Fortson for several hours, interviewed all of the State's witnesses that he felt he needed to, and considered all of the witnesses that Fortson recommended.

(a) Fortson claims that his attorney was ineffective by failing to call one of the State's witnesses from the first trial, who "was about 15 feet away [from Fortson] but couldn't identify him." In ruling on an ineffectiveness claim, this Court need not analyze the deficient performance prong if the Court determines the prejudice prong has not been satisfied.[6] Even if the witness had testified exactly as Fortson claims, Fortson has not demonstrated that there is a reasonable probability that the outcome of his trial would have been

---

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jones v. State*, 279 Ga. 854, 855 (622 SE2d 1) (2005).

[6] *Riggins v. State*, 279 Ga. 407, 409 (614 SE2d 70) (2005).

different, as the testimony would not have exonerated him. Fortson has failed to show prejudice with respect to this claim.

(b) Fortson next claims that his attorney failed to establish his alibi defense, by failing to call his niece as a witness. Fortson's attorney, however, testified that he did not call the witness because her testimony was not credible, and he believed it would have been both unethical and counter-productive to present it. Trial counsel's testimony regarding his reasons for not calling the purported witness establish that the failure to call the witness was a reasonable strategic decision and did not constitute deficient performance.[7]

(c) Finally, Fortson claims that his attorney was ineffective by asking the State for a continuance so that he could have more time to prepare for the trial. He claims that the Eleventh Circuit imposed a deadline on the State's authority to retry Fortson, and that but for the continuance request, the State would not have met the deadline. Even if we assume that Fortson's attorney should have proceeded to trial unprepared, in order to try to force the State to comply with the deadline, Fortson has failed to show that he was harmed by that decision. There is no evidence that the State would not have been able to satisfy the deadline. Moreover, even if the State had not complied with the deadline, it would not have been barred from retrying Fortson, because the Eleventh Circuit's order was not based on Fortson's right to a speedy trial.[8]

3. Fortson also claims that he was deprived of his right to a fair trial by the failure to provide him with a complete transcript of his first trial. But Fortson never objected to not receiving a copy of the transcript, and his failure to do so means that the issue is not preserved for appeal.[9] Moreover, Fortson's attorney testified that he did obtain and review the entire transcript of the original trial, and Fortson's claim thus has no substantive merit.

*Judgment affirmed. All the Justices concur.*

---

[7] *Billups v. State*, 272 Ga. 15 (2) (523 SE2d 873) (1999) (not deficient performance not to call witness who could not credibly corroborate alibi defense); *Allen v. State*, 277 Ga. 711 (3) (593 SE2d 662) (2004) (not deficient performance to decide not to call witnesses who were not credible).

[8] See *Moore v. Zant*, 972 F2d 318, 319-320 (1992) (holding that a federal court order requiring the State to re-sentence defendant within 180 days did not prevent State from re-sentencing defendant at a later date, so long as order was not based on defendant's right to a speedy trial); *Pitchess v. Davis*, 421 U. S. 482, 490 (95 SC 1748, 44 LE2d 317) (1975) (federal habeas court cannot maintain continuous supervision over State's retrial of defendant pursuant to conditional grant of writ by habeas court).

[9] *Bailey v. State*, 273 Ga. 303, 305 (540 SE2d 202) (2001).

DECIDED APRIL 25, 2006.

*Hurl R. Taylor, Jr.*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Laurie M. Hughes*, Assistant Attorney General, for appellee.