A07A0421. GAINES v. THE STATE.
(647 SE2d 357)

ELLINGTON, Judge.

A Fulton County jury found Anthony Gaines guilty of aggravated child molestation, OCGA § 16-6-4 (c). Pursuant to a granted out-of-time appeal, Gaines challenges the order denying his motion for new trial. He raises the general grounds, contends the court erred in limiting cross-examination, and argues that he received ineffective assistance of trial counsel. Finding no error, we affirm.

---

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following.

On or about November 2, 2002, the 13-year-old victim, A. W., spent the night at the apartment home of her 15-year-old neighbor, L. H. The two girls had gotten together earlier in the day so that L. H. could braid A. W.'s hair. In November, Gaines lived in the apartment with his girlfriend, L. H.'s mother. Gaines, who was out of work and at home while the girls were together, told L. H. to ask A. W. if she would let him perform oral sex on her. L. H. conveyed the message several times; A. W. refused. Later that night, as A. W. was returning to her room from the bathroom, Gaines snatched her from the hallway, pulled her into his bedroom, pulled her shorts down, and forcibly performed oral sex on her. Later, L. H. saw A. W. leaving the bedroom, and A. W. appeared visibly shaken. Gaines later told L. H. that he had performed oral sex on A. W. L. H.'s boyfriend, who was also staying in the apartment, also saw Gaines pull A. W. into the bedroom.

A few months later, L. H. told her brother about what Gaines had done to A. W., and the brother told their mother. L. H.'s mother contacted A. W.'s mother, they both spoke to the girls, and then they reported the incident to the police. A. W. testified that she did not tell her mother what happened because her mother was on drugs and was in no position to help her. She was also afraid of Gaines and afraid of having to testify in court. L. H. testified that she did not come forward because she feared her family would be evicted from their apartment because of Gaines' actions.

The State played the videotaped forensic interviews of A. W. and L. H. for the jury. Also, a licensed counselor with the Georgia Center for Children testified that children often do not immediately report acts of child molestation for a variety of reasons. Finally, Gaines testified and admitted that he was present the day L. H. braided A. W.'s hair. He claimed, however, that A. W. left that night to visit a boyfriend, and that L. H. made up the entire story to get back at him

because he made L. H.'s mother put L. H.'s boyfriend out of the house. On rebuttal, L. H.'s mother testified she did not ask the boyfriend to leave the house when Gaines claimed. L. H.'s mother also testified that Gaines had a predilection for performing oral sex.

Georgia law provides, in relevant part, that a person commits the offense of aggravated child molestation when he "commits an offense of child molestation which . . . involves an act of sodomy." OCGA § 16-6-4 (c). A person commits an act of child molestation when he "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). "A person commits the offense of sodomy when he or she performs . . . any sexual act involving the sex organs of one person and the mouth . . . of another." OCGA § 16-6-2 (a). Thirteen-year-old A. W. testified that Gaines orally sodomized her. Other witnesses saw Gaines pull A. W. into the room with him. L. H. and her mother testified about Gaines' interest in performing oral sex. A jury could infer from these facts that Gaines committed these acts to satisfy his sexual desires. Thus, we find the evidence in this case sufficient to authorize a rational trier of fact to find Gaines guilty beyond a reasonable doubt of the aggravated child molestation of A. W. See *Ney v. State*, 227 Ga. App. 496, 497-498 (1) (489 SE2d 509) (1997).

2. Gaines contends the trial court abused its discretion in limiting his attempt to cross-examine A. W.'s mother about whether A. W. had a boyfriend and whether the mother disapproved of him. Gaines contends this evidence was essential to show "the close and devious relationship between the young girls" and their motivation for lying.

The record shows that A. W. had testified that she did not have a boyfriend at the time of the incident; however, L. H. testified on cross-examination that she believed A. W. left the house for about 30 minutes that night to visit her boyfriend. When Gaines asked A. W.'s mother whether A. W. had a boyfriend, the mother said: "No, not that I know of." When Gaines pressed the issue, the prosecutor objected on relevance grounds and the court sustained the objection.

A defendant in this state enjoys the right to a thorough and sifting cross-examination. OCGA § 24-9-64. However, it has long been the law that this right is not unlimited and that the trial court "may restrict the cross-examination to matters material to the issues." (Citation omitted.) *Waller v. State*, 213 Ga. 291, 294 (5) (99 SE2d 113) (1957). In this case, the trial court did not improperly limit cross-examination because whether A. W. had a boyfriend that her mother disapproved of was irrelevant. First, whether A. W. had a boyfriend was not material to the issue of whether A. W. lied about Gaines orally sodomizing her. Unlike the case Gaines cites to, there is no indication in this case that A. W. was trying to hide or to explain away evidence

of a relationship with one man by attributing that evidence to another. See *Richardson v. State*, 276 Ga. 639, 641 (1) (581 SE2d 528) (2003) (because the victim needed an explanation for the semen-stained jacket she returned to her boyfriend, she allegedly fabricated a rape charge against the defendant). Second, A. W. did not tell anyone what happened to her in early November until pressed by L. H.'s mother several months later. If A. W. and L. H. were trying to hide a months-old assignation between A. W. and her boyfriend that no one had yet discovered, it would be illogical to fabricate a claim of child molestation that would inevitably lead to the discovery of that assignation. Under these circumstances, whether A. W.'s mother disapproved of her having a boyfriend was not relevant to the issues in the case. We find no abuse of discretion.

3. Gaines contends he received ineffective assistance of trial counsel. To prevail on his claim of ineffective assistance, Gaines has the burden to prove that counsel provided deficient performance and that, but for that deficient performance, there is a reasonable probability that the outcome of the trial would have been different. *Fortson v. State*, 280 Ga. 435, 436 (2) (629 SE2d 798) (2006). "In ruling on an ineffectiveness claim, this Court need not analyze the deficient performance prong if the Court determines the prejudice prong has not been satisfied." (Footnote omitted.) Id. at 436 (2) (a). Further, as "a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

(a) Gaines contends his trial counsel was deficient for failing to move to strike or move for a mistrial when the State's expert witness opined that children often fail to report abuse immediately, and for a variety of reasons. As we have held, expert testimony is admissible on the issue of why a child might delay in reporting abuse. *Hicks v. State*, 196 Ga. App. 311, 313 (2) (396 SE2d 60) (1990). "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Citations and punctuation omitted.) *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001).

(b) Gaines contends his trial counsel was ineffective because he did not ask him, while he was on the witness stand: "Did you commit this offense?" Gaines testified as to his version of events, denied the charges, and explained why he believed A. W. and L. H. were lying. Trial counsel's decision to present Gaines' testimony in the way he did, without asking the question "Did you commit this offense?", falls within the realm of reasonable trial strategy and therefore cannot be considered deficient. See *Grier v. State*, 273 Ga. at 365 (4).

Consequently, we conclude that the trial court did not err in holding that Gaines failed to carry his burden of proving that he received ineffective assistance of counsel at trial.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 4, 2007.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.