## A08A1408. MIDDLEBROOKS v. THE STATE.

(669 SE2d 200)

JOHNSON, Presiding Judge.

Following a jury trial, Lorenzo Middlebrooks was convicted of aggravated assault. The trial court denied Middlebrooks' motion for new trial, and he filed a notice of appeal with this Court on May 4, 1999. When Middlebrooks' appellate counsel filed a motion to withdraw, we remanded the appeal to the trial court for appointment of new appellate counsel. Other than transferring the case between judges, the trial court failed to take any action on Middlebrooks' case until August 2006, when the Office of the Public Defender was appointed to represent him in his appeal. Middlebrooks claims that his constitutional rights to due process were violated by the trial court's delay in appointing new appellate counsel, that the state committed misconduct during its closing argument, and that both his trial and prior appellate counsel were ineffective. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] So viewed, the record shows that on December 28, 1996, Middlebrooks was at his mother's home to pick up his children. Middlebrooks' uncle and Harold Stafford arrived at the home, and Middlebrooks became angered by Stafford's behavior toward his mother and wife. After knocking Stafford to the floor, Middlebrooks kicked and stomped on Stafford's face and head, causing him serious injury. Following Middlebrooks' conviction for aggravated assault, the trial court sentenced him as a recidivist to 20 years in prison.

1. Middlebrooks claims that his constitutional rights were violated by the lengthy delay in the appeals process. We have held that the procedures underlying the appellate process must "comport with the demands of the Due Process and Equal Protection Clauses of the Constitution[,]" and we apply the test adopted by the United States

---

[1] *Dumas v. State*, 239 Ga. App. 210, 210-211 (1) (521 SE2d 108) (1999).

Supreme Court for constitutional speedy trial violations to situations in which a defendant claims that his rights to due process have been violated by a delay in the appellate process.[2]

That test requires us to consider the length of the delay, the reason for the delay, the defendant's assertion of his rights, and whether the defendant has established that he was prejudiced by the delay.[3] Pretermitting whether the record establishes the first three factors of the *Barker* analysis, Middlebrooks fails to show prejudice.

> [T]he prejudice necessary to establish a due process violation based on post-conviction direct appeal delay is prejudice to the ability of the defendant to assert his arguments on appeal and, should it be established that the appeal was prejudiced, whether the delay prejudiced the defendant's defenses in the event of retrial or resentencing.[4]

While Middlebrooks claims that he has been unduly incarcerated, he does not allege that the delay has adversely impacted his ability to present an adequate appeal, nor does he assert that the delay has impaired a defense that would otherwise have been available to him.[5] Accordingly, this enumeration is without merit.

2. During closing argument, the state (i) commented that if Middlebrooks' wife "had anything good to say about what her husband did that night, she would be here to testify"; (ii) speculated that the victim's life may be shortened because of his injuries; and (iii) commented about crime in the community. Although Middlebrooks asserts that the state committed misconduct in making these arguments, he failed to raise any such objection at trial. As a result, Middlebrooks has waived the right to challenge the state's closing argument on appeal.[6]

3. Middlebrooks also claims that he received ineffective assistance of counsel in that trial counsel failed to (i) object to the state's improper statements during closing argument; (ii) challenge the indictment on the basis that it was not properly returned in open court; (iii) object during voir dire when the state asked the panel if "there's anyone here who believes a hand and a foot cannot be used to cause serious bodily injury"; and (iv) request a charge on abusive language as justification for simple battery. In addition, Middle-

---

[2] (Citations omitted.) *Cail v. State*, 287 Ga. App. 547, 553-554 (5) (652 SE2d 190) (2007) (citing to *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972)).

[3] *Barker*, supra at 530.

[4] (Citations and footnote omitted.) *Chatman v. Mancill*, 280 Ga. 253, 260 (2) (e) (626 SE2d 102) (2006).

[5] See *Butler v. State*, 277 Ga. App. 57, 64 (5) (625 SE2d 458) (2005).

[6] *Jackson v. State*, 281 Ga. 705, 706 (3) (642 SE2d 656) (2007).

brooks claims that his prior appellate counsel provided ineffective assistance in that he failed to raise valid claims such as the ineffectiveness of trial counsel in Middlebrooks' motion for new trial.

To prevail on a claim of ineffective assistance of counsel, a defendant "bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency."[7] Prejudice is shown by demonstrating "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel."[8] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[9]

Even if the motion for new trial filed by Middlebrooks' prior appellate counsel had raised the ineffectiveness of trial counsel and other claims now asserted by Middlebrooks, and pretermitting whether trial counsel's representation was deficient, Middlebrooks has failed to demonstrate that his trial counsel's actions resulted in the required level of prejudice.[10] For example, Middlebrooks concedes that any failure to return the indictment in open court could have been cured by the state, and he was not harmed by the absence of a jury charge regarding abusive language as justification for simple battery since the jury found him guilty of aggravated assault, not the lesser included offense of simple battery.

Despite Middlebrooks' claim that he merely slapped Stafford with an open hand, the evidence establishing his guilt, including that provided by his own mother and uncle, was overwhelming. As a result, Middlebrooks has failed to show a reasonable probability that the outcome of the trial would have been different had trial counsel objected to the statements made by the state during voir dire or closing argument.[11]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 23, 2008 —
RECONSIDERATION DENIED NOVEMBER 6, 2008 —

---

[7] (Footnote omitted.) *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004).

[8] (Citations omitted.) *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004).

[9] (Citation omitted.) *Strickland v. Washington*, 466 U. S. 668, 691 (III) (B) (104 SC 2052, 80 LE2d 674) (1984).

[10] See *Fortson v. State*, 280 Ga. 435, 436 (2) (a) (629 SE2d 798) (2006) ("In ruling on an ineffectiveness claim, this Court need not analyze the deficient performance prong if the Court determines the prejudice prong has not been satisfied.") (footnote omitted).

[11] See *Jackson v. State*, 282 Ga. 494, 498 (3) (651 SE2d 702) (2007).

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.