A09A1264. GATES v. THE STATE.
(685 SE2d 729)

PHIPPS, Judge.

Following a jury trial, Sandra Gates was convicted of possessing cocaine with intent to distribute. She moved for a new trial, claiming that her trial counsel rendered ineffective assistance when he failed to object to damaging hearsay testimony. Because Gates has failed to show the requisite prejudice to establish an ineffective assistance of counsel claim, we affirm the trial court's denial of her motion for new trial.

The evidence showed that in July 2003, a Cherokee County

---

Sheriff's Department sergeant drove into an area known as the "Cut," where people frequently conducted open-air crack cocaine sales. The sergeant, who had known Gates for six or seven years through his trips to the Cut, saw her standing at the driver's side window of a car parked in an area with a surface of gravel and dirt. After Gates looked in the sergeant's direction, she walked to the front of the car, bent down, and walked away from the car. The sergeant approached the car and found a bag of cocaine under the front bumper. He testified that the bag contained individual rocks of cocaine that had not been crushed, indicating that it had not been stepped on or driven over, and that the bag's exterior was clean. Gates testified that she bent down near the car because she had dropped her keys; she denied dropping any drugs.

A Cherokee County Sheriff's Department lieutenant presented similar transaction evidence. In 1994, when she was a narcotics agent, the lieutenant conducted three separate undercover drug buys in the Cut where Gates approached her car and sold her cocaine.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[1] There are two components to this inquiry:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.[2]

The standard for attorney performance is reasonably effective assistance considering all the circumstances, with a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy.[3] To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

---

[1] *Strickland v. Washington*, 466 U. S. 668, 686 (II) (104 SC 2052, 80 LE2d 674) (1984).

[2] Id. at 687 (III).

[3] Id. at 687-689 (III) (A).

sufficient to undermine confidence in the outcome."[4]

When reviewing a trial court's ruling on trial counsel's effectiveness, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[5]

Gates contends that her trial counsel should have lodged a hearsay objection when the sergeant testified that, a couple of days before he went to the Cut in July 2003, he had received information from a confidential informant that Gates was "selling in the area again." The sergeant admitted that he did not go to the Cut that day because he had received this information, but because he and other officers often drove there.

Pretermitting whether trial counsel's failure to object to this testimony constituted deficient performance, Gates has failed to establish the prejudice component of the ineffective assistance inquiry.[6] Given the similar transaction evidence and the circumstantial evidence connecting Gates to the bag of cocaine, no reasonable probability exists that, absent the error, the jury would have had a reasonable doubt about her guilt.[7]

*Judgment affirmed. Smith, P. J., and Bernes, J.; concur.*

DECIDED AUGUST 24, 2009.

*Tony D. Calhoun*, for appellant.
*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney*, for appellee.

---

[4] Id. at 694 (III) (B).

[5] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (citation omitted).

[6] See *Strickland*, supra at 697 (IV) (court deciding an ineffective assistance claim need not approach the inquiry in any particular order or even address both components of the inquiry if the defendant makes an insufficient showing on one); *Fortson v. State*, 280 Ga. 435, 436 (2) (a) (629 SE2d 798) (2006) (when ruling on ineffective assistance claim, we need not analyze the deficient performance prong if we determine the prejudice prong has not been satisfied).

[7] See *Strickland*, supra at 695 (III) (B) (relevant question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt").