24643. ROGER v. THE STATE.

ARGUED MAY 16, 1968—DECIDED JUNE 24, 1968.

*Jean E. Johnson, Sr.,* for appellant.

*Richard Bell, Solicitor General, Dennis F. Jones, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, William R. Childers, Jr., Deputy Assistant Attorney General,* for appellee.

MOBLEY, Justice. Robert Lee Roger, Jr., was charged with the murder of Patsy Joseph Mastro by shooting him with a shotgun, and was convicted with a recommendation of mercy. On appeal the defendant asserts that the evidence, which was entirely circumstantial, was not sufficient to support the verdict,

and that errors were committed in the admission of certain evidence on the trial.

■ In its attempt to prove that the defendant had committed the homicide, the State introduced evidence to show that an affair existed between the deceased and the defendant's wife. As a part of the proof of the existence of this affair, the State introduced in evidence 21 letters found in the home of the deceased after his death. These letters were of a very amorous and passionate nature, signed by pet names, and they evidenced great intimacy between the writer and the addressee. The State offered evidence to show that the letters were in the handwriting of the defendant's wife. The defendant's wife exercised her privilege of refusing to testify on the trial, and there was no evidence by the writer of the letters of the truth of their contents.

Counsel for the defendant objected to the introduction of this evidence as follows: "I object, Your Honor, on the ground that it's irrelevant and immaterial and that it is grossly hearsay as to Bob Roger, that in no way has it been shown that he had any knowledge of any letters, that he participated in the writing of any of these letters, that he had no control whatsoever over their preparation. I object to them going into evidence." The record affirms counsel's statement that there was no evidence that the defendant ever saw any of the letters. They were of such nature that it would naturally be assumed that a married woman, living with her husband, would not show them to her husband prior to transmitting them.

The State contends that the letters were admissible under *Code* § 38-302, which provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." It is argued by the State that the letters were relevant and admissible to show the existence of an improper relation between the deceased and the defendant's wife, which might be a motive for the defendant to have killed the deceased.

While hearsay evidence is admissible under some circumstances to show motive, it is not admissible to evidence the truth of the matters contained in the hearsay testimony. In *Cobb v.*

*State,* 27 Ga. 648, 695, it was said: "No facts or circumstances stated in the letter could be evidence against the prisoner, for they were the unsworn statements of another person, in the absence of the prisoner, and by which he could not be bound, and in regard to which he had no opportunity to interrogate the writer." In *Duren v. State,* 158 Ga. 735, 739 (124 SE 343), this court quoted approvingly from Wigmore on Evidence, § 1768, as follows: "The prohibition of the hearsay rule does not apply to all words or utterances merely as such. If this fundamental principle is clearly realized, its application is a comparatively simple matter. The hearsay rule excludes extrajudicial utterances only when offered for a special purpose, namely, as assertions to evidence the truth of the matter asserted." See also, *Leary v. Leary,* 18 Ga. 696 (3); *Mitchell v. State,* 71 Ga. 128 (3); *Tiller v. State,* 96 Ga. 430 (2) (23 SE 825); *Cody v. State,* 124 Ga. 446 (1) (52 SE 750).

These letters, furthermore, were not admissible to show motive, because there was no evidence, either direct or circumstantial, that the defendant ever saw any of the letters prior to the homicide. In *Sasser v. State,* 129 Ga. 541, 547 (59 SE 255), this court quoted with approval an excerpt from Wharton on Homicide (3rd Ed.), § 596, as follows: "In order to establish a motive for the commission of a crime, however, it is essential that the facts upon which the alleged motive is based shall be within the knowledge of the accused, and evidence as to conduct and acts tending to show motive for a killing is not admissible, where it does not appear that such acts and conduct were brought to the knowledge of the accused." See *Swain v. State,* 162 Ga. 777 (3) (135 SE 187); *Spradlin v. State,* 88 Ga. App. 230 (1) (76 SE2d 435); 40 CJS 1153, Homicide, § 227.

The letters introduced in evidence were very prejudicial to the defendant, since they gave the jury a vivid word picture of the affair between his wife and the deceased. The jury would be inclined to believe, on reading the letters, that the husband of the woman who wrote them might kill the recipient of the letters. Since there was no evidence that the defendant had seen the letters prior to the homicide, they were improperly admitted to show motive, and their illegal admission will require a new trial.

Testimony in regard to the handwriting of the defendant's wife, admitted to show that she was the writer of the letters, should also have been excluded.

■ It is contended that the court erred in allowing in evidence the will of the deceased, insurance policies of the deceased, with changes of beneficiary, and testimony in regard to the insurance and the changes of beneficiary. The defendant's wife was named as the beneficiary in the will, and the insurance policies had been changed to name her as the beneficiary.

There was no evidence to show any conspiracy between the defendant and his wife to murder the deceased and collect these benefits for the wife. Nor was there any evidence that the defendant knew that the will and insurance policies named his wife as the beneficiary. This evidence was therefore inadmissible to show motive on the part of the defendant. Compare *Johnson v. State,* 186 Ga. 324, 334 (3) (197 SE 786); *Johnson v. State,* 188 Ga. 771 (5) (4 SE2d 639).

■ The defendant assigned error on the introduction in evidence of photographs of the defendant's wife and their children, which were found in the home of the deceased after the homicide, over the objection that they were irrelevant and immaterial and that the defendant did not have any knowledge of them. These photographs were introduced to show the existence of an affair between the deceased and the defendant's wife. There is no evidence that the defendant knew that the deceased had these photographs of his wife and children, and this evidence was not admissible to show motive. See cases cited in Division 1.

■ Objection was made to the introduction in evidence of two articles of woman's apparel, black lace panties and red "baby doll" pajamas, and two pillowcases with lipstick on them. An officer who investigated the homicide testified that the pajamas were on the pillow of the bed in which the deceased was murdered, and the other items were on a chest of drawers in the same room.

There was no direct or circumstantial evidence to connect these items with the defendant's wife, except the letters claimed to have been written by her. Since these letters were improperly admitted in evidence, there was no admissible evidence to con-

nect the items with her. Nor was there any evidence that the defendant had seen the items prior to the homicide.

This court has many times approved the introduction of physical objects and photographs where they are relevant to prove some fact in the case, or motive for the crime, but where no relevancy is shown, and their introduction could only prejudice the jury, they are not admissible. It was error to allow the introduction of these items.

■ The other assignments of error on the admission of evidence have been examined, and they are clearly without merit.

■ Counsel for the defendant in his brief has strongly urged that the evidence was insufficient to sustain the verdict. Since a part of the evidence on which the verdict was predicated was illegally admitted, and a new trial must be granted, and the evidence on another trial may differ materially from that on the present trial, we will not rule on the sufficiency of the evidence to sustain the verdict.

*Judgment reversed. All the Justices concur.*