40735. CASTELL v. THE STATE.

MARSHALL, Presiding Justice.

In *Castell v. State,* 250 Ga. 776, 792 (11) (301 SE2d 234) (1983), a capital murder case, this court affirmed the trial court's denial of the defendant's motion for new trial, but without prejudice to the defendant's right to pursue his motion for new trial based on those

allegations made in his original motion for new trial which required supplementation of the trial record. The appellant filed his renewed motion for new trial. After hearing additional testimony, the trial judge denied the motion, which order is appealed.

1. The sole basis for the appellant's renewed motion for new trial was that his constitutional rights to a fair trial and due process of law were violated by a potential defense witness' allegedly having been prevented from testifying in Castell's behalf by coercion and threats by law enforcement officers. See *Simmons v. State,* 155 Ga. App. 716 (1) (272 SE2d 506) (1980) and cits.

The sole witness presented in the appellant's behalf at the hearing on his renewed motion for new trial was his 19-year-old son, who testified that he had overheard a Stephens County deputy sheriff promise his mother, Ms. Chapman, at her home that a warrant for her "hustling" (prostitution) would be dropped if she would not testify in the appellant's trial, and threaten to take her children away from her and charge her with perjury if she testified for the appellant.

On the other hand, there was evidence that the witness-son was not present during the conversation, having been sent into another room by his mother; that the witness could not hear the conversation "too good"; that his testimony differed from that he had given in a previous affidavit, in which he had sworn that the statements were made in his presence rather than in an adjoining room, and that the officers had only said that they were going to make it hard on his mother if she testified; that the witness could not identify the two deputy sheriffs who visited their home; and that the officers went to the house for the purpose of discussing the clothing the appellant was wearing at the time of the murder, and they neither made nor heard any threats, and did nothing to discourage the potential witness from testifying. Furthermore, the potential witness who was allegedly coerced and threatened could have been, but was not, ordered into court to testify, as discussed in Division 2, post.

The trial judge, as the trier of fact, was authorized to find that the defendant failed to carry his burden of proof as to his contention that Ms. Chapman was threatened or coerced by law enforcement officers. Enumerated error 1 is without merit.

2. In his second enumeration of error, the appellant claims that the trial judge erred in not allowing him to make an offer of proof as to the testimony of Ms. Chapman. He cites us to the propositions that "where offer of proof is necessary it is error for the trial court to refuse an opportunity to counsel to state what he proposes to prove by the evidence offered." *Brown Radiology Assoc. v. Gowers,* 157 Ga. App. 770, 781 (6) (278 SE2d 653) (1981) and cits., and that where the government has contributed to the unavailability of a witness, any

showing that a defendant must make regarding that witness' potential testimony is substantially relaxed. United States v. Trinidad, 660 F2d 387 (9th Cir. 1981); Singleton v. Lefkowitz, 583 F2d 618 (2nd Cir. 1978).

The appellant's son testified that his mother, Ms. Chapman, was at her home in Greenville, South Carolina, at the time of the hearing. A colloquy between appellant's counsel and the trial judge reveals that counsel had made no attempt to subpoena Ms. Chapman for the hearing. Nor is it shown that the presence of the out-of-state witness at either the trial or the hearing was sought or necessary under the provisions of OCGA § 24-10-94 (Code Ann. § 38-2005a). See *Mafnas v. State,* 149 Ga. App. 286 (1) (254 SE2d 409) (1979) and cits. The state called appellant's counsel in an effort to ascertain why Ms. Chapman was not present, but counsel refused to answer the questions. Counsel sought to state for the record what Ms. Chapman's testimony would have been had she been present. The trial judge sustained the state's objection on the grounds of hearsay and because counsel had refused to answer the prosecutor's question as to whether Ms. Chapman was a material witness. Counsel then sought to make an offer of proof as to Ms. Chapman's testimony. The prosecutor had no objection to the proffer, but requested the trial judge not to consider it as substantive evidence. The trial judge opined that to allow counsel to state Ms. Chapman's testimony would be "just speculation, hearsay," and refused to allow the proffer to be placed in the record, stating that it was not proper to allow an attorney to testify concerning what a witness would have said when the attorney had made no effort to bring the witness to the trial or to the hearing. In response to counsel's attempt to proffer Ms. Chapman's testimony on the basis that she had given him a statement, the trial judge held that such a proffer would be absolute hearsay, self-serving declarations by the attorney, which would be improper to put in the record.

Under the circumstances, where counsel failed to carry the burden of showing that Ms. Chapman's absence was due to threats and/or coercion by law enforcement officers, and failed to make her testimony available either through her own affidavit or through the procedures for subpoenaing out-of-state witnesses, the trial judge did not abuse his discretion in disallowing the proffer of proof of the hearsay testimony, both as to what counsel thought Ms. Chapman would testify and as to what Ms. Chapman had allegedly told counsel.

The trial court did not err in denying the renewed motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 4, 1984.

*Harvey & Jarnagin, Bruce S. Harvey,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.