S99A1731. BILLUPS v. THE STATE.
(523 SE2d 873)

FLETCHER, Presiding Justice.

A jury convicted Joe Lamont Billups of felony murder and theft by taking in connection with the death of Delray Green.[1] Billups appeals, contending that his trial counsel was ineffective. Because Billups has not established that his trial counsel's performance was deficient, we affirm.

The evidence at trial showed that Billups and his co-defendant

---

[1] The crimes occurred November 6, 1993. A grand jury indicted Billups on September 30, 1994, for malice murder and felony murder with four underlying offenses. On February 16, 1995, Billups was convicted by a jury of felony murder with theft by taking as the underlying offense. The trial court sentenced him to life imprisonment. Billups filed a motion for new trial on March 15, 1995, which the trial court denied on May 26, 1998. Billups filed his notice of appeal on June 10, 1998, and the case was docketed in this Court on August 20, 1999, and submitted for decision without oral argument on October 11, 1999.

Dominique Ross[2] were walking along a downtown Atlanta street late at night when they were approached by Green. When Billups and Ross got into Green's car, Billups pulled a gun and directed that Green drive to Grady High School. At Grady, Billups forced Green into the trunk of the car and then drove to Mays High School. Billups directed Green to get out of the trunk and as Green was bending over to remove money from his sock, Billups shot him once in the head. Later that morning, Billups drove Green's car to Gwinnett County where he doused it with gasoline and set it on fire.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Billups guilty of the crimes charged.[3]

2. (a) Billups contends his trial counsel was ineffective under *Strickland v. Washington*[4] in not objecting to the state's references to Billups' gang membership. Because the state presented evidence that Ross and Billups knew each other through their gang involvement and that the crimes were carried out as a mission for the gang, the evidence was properly admitted. Trial counsel cannot be deficient for failing to object to admissible testimony.[5]

(b) Trial counsel's testimony that the alibi witnesses were unreliable and incredible was sufficient to establish that the failure to call the witnesses was strategic and did not constitute deficient performance.

(c) The record reflects that trial counsel did reserve the right to raise objections to the jury instructions.

3. After reviewing the jury instructions as a whole, we find no error in the trial court's charge on reasonable doubt or on alibi.

4. Billups contends that the state's closing argument went beyond reasonable inferences from the facts in evidence. Billups failed to object to any of the state's closing argument and, because this is not a death penalty case, any error is not preserved for appeal.[6]

5. After reviewing the record, we find no reversible error in Billups' remaining enumerations of error.[7]

*Judgment affirmed. All the Justices concur.*

---

[2] Ross pled guilty to the murder and testified against Billups.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[5] See *Grier v. State*, 266 Ga. 170, 173-174 (465 SE2d 655) (1996).

[6] *Mullins v. State*, 270 Ga. 450, 451 (511 SE2d 165) (1999).

[7] Billups contends that there was insufficient connection between the theft of the car and the murder for the theft to support a felony murder conviction and that the trial court erred in its recharge to the jury and in admitting evidence of the arson of the car.

BENHAM, Chief Justice, concurring.

I concur with the majority opinion. However, I believe that the prosecutor's statement in closing argument that "when the devil on trial [sic], have to go to hell to get witnesses," was improper and unprofessional. DR 7-106 (C) (4) of the Georgia Code of Professional Responsibility states as follows:

> In appearing in his professional capacity before a tribunal, a lawyer shall not . . . assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant . . . ; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

See also CPR EC 7-24. Here, the prosecutor asserted his opinion regarding the guilt of the defendant by referring to him as "the devil" and impugned the credibility of witnesses by implying that they were from "hell." While prosecutors have wide latitude in their closing arguments, there are still some limitations on the scope of their arguments. *Bell v. State*, 263 Ga. 776, 777 (439 SE2d 480) (1994). As we stated in *Bell*, "Adherence to the limitation on the latitude of oral argument is . . . integral to legal professionalism." Id., n. 1. However, since Billups failed to object to the statement at trial, I must concur with the majority opinion.

DECIDED NOVEMBER 15, 1999 —
RECONSIDERATION DENIED JANUARY 19, 2000.

*Dwight L. Thomas, Caprice R. Jenerson,* for appellant.
*Paul L. Howard, Jr., District Attorney, David E. Langford, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.