## S00A1540. BAILEY v. THE STATE.
(540 SE2d 202)

SEARS, Justice.

Appellant Samuel Bailey appeals his convictions for felony murder based upon aggravated assault, armed robbery, and illegal fire-

arm possession.[1] Having reviewed the record, we conclude that the evidence supports appellant's convictions. We also conclude that appellant received effective assistance from his trial counsel. Insofar as the other enumerations raised on appeal are either meritless or have been waived, we affirm.

In April 1996, appellant rode in a car driven by his co-indictee, Gresham. The two encountered Frank Crapps along the roadside. At appellant's trial, Gresham testified that he exited the car first and talked to Crapps; that appellant then exited the car, pulled out a gun and forced Crapps into a nearby trailer; and that appellant robbed Crapps of approximately $5,000 before shooting him three times in the head, killing him.

After the robbery, appellant and Gresham divided the stolen money and used some of it to purchase clothes for a party they attended later that night. After the party, appellant, his cousin, and Gresham rode together in a car. They approached a DUI check point, but made a U-turn to avoid the stop. Police pursued the vehicle and when it stopped, appellant fled. Police did not chase appellant, but rather stayed with Gresham and appellant's cousin. In searching the glove compartment, police found the victim's wallet. Three days later, police located and arrested appellant.

Before appellant's trial, Gresham pled guilty to charges of murder and armed robbery; Gresham testified on behalf of the State at appellant's trial.

1. The evidence introduced at trial was sufficient to enable a rational trier of fact to conclude that appellant was guilty of the crimes for which he was convicted.[2]

2. After appellant's arrest, a State investigator informed him of his *Miranda* rights before questioning him. The investigator terminated the tape-recorded interview when appellant became hesitant about answering questions and stated that he might need a lawyer. The investigator told appellant that he would be returned to jail, where he should consider whether he wanted to continue the interview, and to contact the investigator if he wished to talk further. The next day, jail personnel informed the investigator that appellant wanted to talk to him once again. The investigator again informed appellant of his *Miranda* rights, and then informed appellant that

---

[1] The crimes occurred on April 27, 1996, and appellant was indicted on June 25, 1996. The jury found appellant guilty on December 6, 1996, and on December 20, 1996, appellant was sentenced to two consecutive life sentences and a consecutive five year sentence. A new trial motion was filed on January 16, 1997, and amended on December 29, 1997. The motion was denied on May 6, 1999, and a notice of appeal was timely filed on May 12, 1999. The appeal was docketed with this Court on June 5, 2000 and orally argued on September 19, 2000.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Gresham had identified appellant as the murderer. In a second tape-recorded interview, appellant denied Gresham's allegations, and stated that appellant had remained in the car while Gresham shot and killed the victim.

(a) At appellant's trial, a recording of appellant's first police interview was introduced into evidence and played for the jury. In authenticating the recording, the State investigator who conducted the interview testified that he stopped the interrogation after appellant stated that he might need a lawyer to represent him because it would have been wrong to continue questioning after appellant "made a statement like that." On appeal, appellant claims that this testimony was an improper comment on appellant's silence at the time of arrest, and thus should have been excluded by the trial court. However, this enumeration was not preserved for appellate review because appellant made no objection at trial to either the introduction of the first recorded police interview or the playing of the recorded interview for the jury's hearing. Hence, it is deemed waived on appeal.[3]

(b) Appellant also urges that the trial court erred when it admitted into evidence appellant's second recorded interview with police. Appellant argues that the interview was improper because it was conducted after appellant had invoked his right to counsel during the first police interview.

Whenever an accused being held in custody unequivocally asserts his constitutional right to the assistance of counsel, he is no longer subject to further interrogation by the State until counsel is made available to him, unless the accused initiates further conversation or communication with the State.[4]

In this matter, the record is clear that after appellant's first interview with police was terminated due to his statement that he might need a lawyer, appellant voluntarily initiated further discussion with the State's investigator. At the beginning of appellant's second recorded interview, he expressly acknowledged that he contacted jail personnel and asked them to communicate to the investigator that appellant wished to continue his interview. Accordingly, contrary to appellant's assertion, the trial court did not err in admitting into evidence his second interview with police.

3. During opening statements, defense counsel told the jury that the evidence would show that the murder weapon had been found at

---

[3] *Mullis v. State*, 270 Ga. 450 (511 SE2d 165) (1999); *Miller v. State*, 267 Ga. 92 (475 SE2d 610) (1996).

[4] *Edwards v. Arizona*, 451 U. S. 477, 484-485 (101 SC 1880, 68 LE2d 378) (1981); see *Davis v. United States*, 512 U. S. 452, 454 (114 SC 2350, 129 LE2d 362) (1994); *Allen v. State*, 259 Ga. 63, 66 (377 SE2d 150) (1989).

Gresham's home. Thereafter, the District Attorney requested that the jury be excused, and then informed the trial court that one of the State's ballistics reports showed that although a pistol had been found in Gresham's home, it was not the murder weapon. The DA claimed that the defense had received a copy of this ballistics report; the defense, however, denied such receipt. When the jurors returned, the DA made the following statement to them:

> [T]he State would like to . . . clear up any anticipation that the jury might have about certain evidence [recovered from] the residence where . . . Gresham was living; there was recovered a .25 caliber Titan semiautomatic pistol; it has been analyzed as far as ballistics firings and comparisons and it has been found not [to be] the murder weapon that was used to kill . . . [Mr.] Crapps, and the State has never recovered . . . the actual murder weapon.

Appellant claims that this statement was improper hearsay evidence that should not have been admitted into evidence. Appellant also urges that the announcement by the DA negated defense counsel's trial strategy, and discredited trial counsel in the eyes of the jury so much that counsel's ability to advocate on appellant's behalf was severely compromised.

However, the record shows that when the DA informed the trial court that the State's ballistics report determined that the pistol found in Gresham's home was not the murder weapon, and asked the trial court to permit the DA to inform the jury of that fact, the trial court asked appellant whether he objected to the DA's proposal. Defense counsel responded that he had no objection to the jury being informed that the gun found in Gresham's home had been excluded as a possible murder weapon. The DA's statement recounted above was then made to the jury without objection from appellant.

" 'A defendant must object to [an] alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action.' "[5] Otherwise, there generally is a waiver of the defendant's right to urge the alleged impropriety as error on appeal.[6] Here, appellant not only failed to object to the DA's statement to the jury, he affirmatively consented to the statement before it was made. Hence, this enumeration is deemed waived on appeal.

4. The trial court did not err in failing to declare a mistrial sua sponte when, during opening statements, the DA referred to Gresham's guilty pleas. No objection was raised to this statement in

[5] (Citation omitted.) *Mullis*, supra.
[6] Id. *Harley v. State*, 263 Ga. 875, 878 (440 SE2d 178) (1994).

the trial court, and thus it is waived.[7] Furthermore, while a non-testifying co-indictee's guilty plea is generally inadmissible as evidence of a defendant's guilt under OCGA § 24-3-52, the prohibition is inapplicable where, as here, the co-indictee testifies at trial and is subject to cross-examination.[8]

5. Appellant cites numerous instances from his trial that he claims evidence the constitutional ineffectiveness of trial counsel. To establish a claim of ineffectiveness, appellant is required to show both (1) that counsel's performance was deficient, and (2) that the deficiency caused appellant actual prejudice such that there is a reasonable probability that, but for the deficient performance, the result of appellant's trial would have been different.[9] If an appellant makes an insufficient showing on either of these prongs, then a reviewing court need not address both prongs.[10]

In this matter, we note that all of the alleged instances of ineffectiveness referred to by appellant were adequately refuted by trial counsel at appellant's new trial hearing. However, we need not examine those alleged instances and their corresponding explanations, because appellant has made no attempt on appeal to demonstrate that, but for counsel's performance, the outcome of his trial probably would have been different. Hence, this enumeration is rejected.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*George deVallon Bush*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Nancy B. Johnson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

---

[7] *Mullis*, supra.
[8] *Barnes v. State*, 269 Ga. 345, 354 (469 SE2d 674) (1998).
[9] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[10] Id., 466 U. S. at 697.