S01A1165. SCHRAMM v. THE STATE.
(549 SE2d 402)

BENHAM, Justice.

While a pedestrian on a McDuffie County road, Kyle Conrad White III was struck and killed by a van driven by appellant Matthew David Schramm. Schramm was convicted of malice murder in connection with White's death, as well as the aggravated assault of Charles William Odum, who was walking with White.[1]

Odum testified he and White saw the van driven by appellant coming at them and that it accelerated as it left the road and bore down on them, causing Odum to believe they were going to die. When the van struck the victim, his head cracked the windshield and his

---

[1] The incident occurred on August 8, 1998, and appellant was indicted on August 30, 1999. His trial took place September 22-23, 1999, and he was sentenced to life imprisonment on September 23. A motion for new trial, filed October 21, 1999, and amended January 9, 2001, was denied on March 30, 2001. Appellant's premature notice of appeal, filed on November 17, 2000, while the motion for new trial was pending, ripened upon the filing of the trial court's order denying the amended motion for new trial. *Betha v. State*, 208 Ga. App. 802, 803 (432 SE2d 242) (1993). See also *McCulley v. State*, 273 Ga. 40, 43, n. 3 (537 SE2d 340) (2000). The appeal was docketed in this Court on May 4, 2001, and submitted for decision on the briefs.

body landed 83 feet away. He died as a result of the massive head injuries he sustained. Both Odum and a friend of appellant testified about the hostility between the victim and appellant that had developed as a result of appellant's girlfriend having become romantically involved with the victim. Appellant's friend testified that, several months before the victim was killed, appellant fired a shotgun in the direction of the victim's home while the victim was standing in the front yard, and that appellant, while driving the van, had chased the victim who was riding a motorcycle down a dirt road, hitting the motorcycle two or three times. There was testimony that appellant had several times threatened to kill the victim. While appellant asserted that the victim's death was the result of a problem with the van's steering column, an accident reconstruction expert testified that the crime scene was not consistent with mechanical failure. Contrary to appellant's contention, the evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of malice murder and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Chester v. State*, 262 Ga. 85 (1) (414 SE2d 477) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 2001.

*Lucy J. Bell*, for appellant.

*Dennis C. Sanders, District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.