## S03A1028. CAIN v. THE STATE.
(588 SE2d 707)

BENHAM, Justice.

Marvin Cain was indicted for armed robbery, hijacking a motor vehicle, theft by receiving stolen property, malice murder, and possession of a firearm by a convicted felon.[1] On Cain's motion, the mur-

---

[1] The murder was committed on September 28, 1996, the robbery offenses were committed on September 30, 1996, and Cain was arrested on October 4, 1996. An indictment was returned on April 4, 1997, charging Cain with armed robbery, hijacking a motor vehicle, theft by receiving stolen property (auto), murder, and possession of a firearm by a convicted felon. The robbery offenses were tried to a jury on May 6-8, 1997, resulting in a verdict of guilty of armed robbery, hijacking a motor vehicle, and possession of a firearm by a convicted felon, and an acquittal of theft by receiving stolen property. The trial court sentenced Cain to life imprisonment for armed robbery, a consecutive twenty-year term for hijacking a motor vehicle, and a five-year term for possession of a firearm, consecutive to the hijacking sentence. After a trial conducted May 20-23, 1997, the jury found Cain guilty of murder and the trial court imposed a life sentence. A single motion for new trial referring to both convictions was filed on June 4, 1997, and was denied on April 10, 2000. Mistakenly believing the time had passed for filing a notice of appeal, appellate counsel (appointed in 1997) filed a motion for out-of-time appeal on May 10, 2000, which the trial court denied in March 2002. That denial was reversed by this Court in *Cain v. State,* 275 Ga. 784 (573 SE2d 46) (2002).

der charge was severed from the other charges. Two trials before two different juries were conducted, one for the robbery-related counts of the indictment, the second for the murder count. Convicted of all the charged offenses except theft by receiving stolen property, Cain raises issues on appeal relating to both the murder conviction and the robbery-related convictions.

1. This Court has a duty to consider the question of its jurisdiction in any case in which doubt arises concerning the existence of such jurisdiction. *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). In the present case, the Attorney General has suggested that this Court is without jurisdiction to consider the appeal from the robbery-related convictions because they were tried separately from the murder charge. We agree. Although the charges involved here were brought in a single indictment, the murder charge was severed and separate juries were impaneled and separate trials were held. In *Jones v. State*, 246 Ga. 109 (1) (269 SE2d 6) (1980), where charges of murder and aggravated assault were tried separately but appealed together, we held that the appeal from the aggravated assault conviction was not properly before this Court. Because the present case is indistinguishable from *Jones* with regard to the effect on appellate jurisdiction of trying charges separately, we reach the same conclusion, that this Court lacks jurisdiction over an appeal from the robbery-related offenses. Accordingly, the appeal from those offenses is hereby transferred to the Court of Appeals.

2. The evidence regarding the murder charge showed that the 16-year-old victim, wearing her work uniform, left her job at a restaurant on the morning of September 28, 1996, but never arrived home. Her body was found on October 4, 1996, the day Cain was arrested. Cain's sister's boyfriend, at whose apartment Cain stayed briefly during the time around the victim's death, testified that he came home one night at the end of September and saw a woman lying on the couch with Cain. Starting on the day after the victim disappeared and continuing to the day of his arrest, Cain told various persons that he had killed a young woman and put her body in a closet in an apartment. He showed one person a body in the trunk of the car he was driving and subsequently took two others to an apartment where they saw a dead woman. After one of those persons reported the death to the police, the victim's body was recovered from the apartment where Cain had exhibited the body. The evidence adduced at trial and summarized here was sufficient to authorize a

---

Subsequent to the return of the remittitur, which was entered as a judgment in the trial court on January 6, 2003, Cain filed a notice of appeal on February 3, 2003, pursuant to which the appeal was docketed in this Court on March 31, 2003. The case was submitted for decision on the briefs.

rational trier of fact to find Cain guilty beyond a reasonable doubt of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. After the State rested its case, Cain moved for a continuance until the next morning in order to produce two witnesses. He enumerates as error the trial court's denial of a continuance. Since neither witness had been subpoenaed by the defense and counsel was unable to say where the witnesses were, we see no abuse of discretion in the denial of a continuance. *Spencer v. State*, 260 Ga. 640 (16) (398 SE2d 179) (1990).

4. Finally, Cain contends trial counsel was ineffective in failing to subpoena one of the witnesses whose attendance he could not procure. On motion for new trial, the trial court rejected the claim of ineffectiveness, finding that counsel's decision not to subpoena the witness may have been tactical and that there was no prejudice because the evidence so overwhelmingly established Cain's guilt that the missing witness's testimony would not have affected the outcome.

Since an appellant claiming ineffective assistance of counsel must show both deficient performance and actual prejudice stemming from that deficiency, an insufficient showing on either of these prongs relieves the reviewing court of the need to address the other prong. *Bailey v. State*, 273 Ga. 303 (5) (540 SE2d 202) (2001). We turn, therefore, to the prejudice prong because, under the facts of this case, we agree with the trial court's conclusion that no prejudice was shown.

In the course of arguing for a continuance, trial counsel made a proffer of the missing witness's testimony. She would have testified, according to trial counsel, that she saw clothes consistent with the victim's work uniform in the apartment where Cain's sister's boyfriend permitted Cain to stay briefly around the time the victim disappeared. The purpose of the testimony was to cast suspicion as a possible perpetrator of the murder on the sister's boyfriend.

In denying the motion for new trial, the trial court noted there was other testimony about the discovery of a woman's clothing at that apartment and there were several witnesses tying Cain to the murder by testimony regarding his admissions and his exhibition of a dead woman's body, but there was no evidence Cain's sister's boyfriend was involved in the murder. Under those circumstances, the trial court found no prejudice arising from trial counsel's failure to subpoena the witness. We agree, concluding there is no reasonable probability, in light of the overwhelming and uncontradicted evidence of Cain's guilt, that the cumulative testimony regarding the discovery of clothing that could be the victim's would have produced a different result. See *Vaughns v. State*, 274 Ga. 13 (6) (c) (549 SE2d 86) (2001).

312

*Judgment affirmed and case transferred in part. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.DECIDED NOVEMBER 10, 2003.

R. *Gary Spencer,* for appellant.
Paul L. *Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.