## S04A0290. ALLEN v. THE STATE.
### (593 SE2d 662)

HUNSTEIN, Justice.

Dennis Allen, Jr. was convicted of felony murder, armed robbery and possession of a firearm during the commission of a felony arising out of the shooting death of taxi driver Friday Akoma. The trial court denied his motion for a new trial[1] and he appeals, challenging the sufficiency of the evidence regarding venue and the effectiveness of his trial counsel. Finding no error, we affirm.

1. The jury was authorized to find that Allen and Juanquella Stinchcomb, a 15-year-old prostitute, decided to rob someone. After failing to find an available victim, they called a taxicab to go home to Stone Mountain. Instead, Stinchcomb gave the driver, Friday Akoma, an address on Shelton Avenue. When they arrived, Allen shot Akoma in the head. He and Stinchcomb then moved Akoma into the back seat and drove the taxicab to a middle school in Fulton County where they disposed of the body. Allen and Stinchcomb abandoned the taxicab in DeKalb County and walked home. Allen's fingerprints were matched to prints made in blood that were found on the right rear window of the taxicab. Stinchcomb pled guilty to concealing the death of another and testified at trial that appellant shot Akoma and stole $18, a cell phone and a pager. Stinchcomb admitted she used the cell phone a week later and that the weapon used in the crimes was subsequently stolen while in the possession of another prostitute Stinchcomb knew. Two other witnesses, Cade and Parsons, testified that Allen admitted to them that he shot the taxi driver.

In Allen's taped statement to the police he initially asserted that Stinchcomb approached him asking him to buy something and he suggested she approach a taxi driver. He later stated that he was together with Stinchcomb and had known her for months; that he provided her a gun for protection; that she returned telling him she was "in trouble" and had done "something wrong"; she took him to the taxicab where the victim was already dead; and that Allen helped her dispose of the body.

This evidence was sufficient to enable a rational trier of fact to

---

[1] The crimes occurred on August 23, 2000. Allen was indicted December 5, 2000 in Fulton County on charges of malice murder, two counts of felony murder (one count predicated upon aggravated assault; the other count predicated upon armed robbery), aggravated assault, armed robbery and possession of a firearm during the commission of a felony. A jury acquitted Allen of malice murder but convicted him of the remaining counts. The trial court merged the felony murder and aggravated assault convictions and sentenced Allen on December 18, 2001 to life in prison with a concurrent ten-year sentence for armed robbery and a consecutive five-year sentence for firearm possession. An out-of-time motion for new trial, allowed filed by the trial court on December 2, 2002 and twice amended, was denied August 22, 2003. A notice of appeal was filed September 4, 2003. The appeal was docketed October 21, 2003 and was submitted for decision on the briefs.

find Allen guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's denial of Allen's motion for a directed verdict of acquittal because the State carried its burden of proving venue in Fulton County beyond a reasonable doubt. Stinchcomb testified that the victim was shot on Shelton Avenue; Detective Calhoun answered affirmatively when asked whether "the area where [Stinchcomb] told you the shooting took place" was in Fulton County. Because this evidence located the area of the shooting in Fulton County, this case is distinguishable from *Jones v. State,* 272 Ga. 900 (3) (537 SE2d 80) (2000), relied upon by Allen, in which the sole testimony adduced did not place the crime scene itself in Fulton County but merely placed the crime scene as being across the street from a Fulton County location.[2]

3. To prevail on his claim of ineffective assistance of counsel, Allen must prove that his trial counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Chapman v. State,* 273 Ga. 348 (2) (541 SE2d 634) (2001). Allen contends that counsel was ineffective for failing to investigate and introduce into evidence testimony by Emma Browning and her daughter that Stinchcomb admitted shooting the taxi driver and testimony by Browning's granddaughter that witness Cade (to whom Allen admitted committing the crimes) was romantically involved with Allen's girlfriend. Counsel testified at the motion for new trial hearing that after Allen explained to him about the Browning household's involvement in the prostitution activities of 15-year-old Stinchcomb, he deliberately decided not to contact or call these witnesses due to their lack of credibility and their lack of any direct knowledge of the crimes. At trial, counsel vigorously pursued the defense theory that Stinchcomb was the shooter when cross examining Stinchcomb and Detective Calhoun about inconsistencies in Stinchcomb's version of the crimes; further, counsel cross-examined Cade about his relationship with Allen's former girlfriend.

An appellate court will uphold a trial court's findings of fact on a claim of ineffective assistance of counsel unless those findings are clearly erroneous. *Washington v. State,* 276 Ga. 655 (3) (581 SE2d

---

[2] As we stated in *Jones,* supra at 903-904, in regard to the witness's testimony that his home was located directly across the street from the murder victims' home:

> [w]hile this testimony was somewhat relevant to the location of the neighbor's home, it was irrelevant with regard to the location of the victims' home where the murder took place. It is entirely possible that the neighbor's house is located in one county, while the houses located across the street are sited in an adjoining county.

518) (2003). Finding no clear error here, we affirm the trial court's ruling.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 8, 2004 —
RECONSIDERATION DENIED MARCH 29, 2004.

· *Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.