## S05A2077. DICKENS v. THE STATE.
(627 SE2d 587)

HUNSTEIN, Presiding Justice.

Latoya Dickens was convicted of felony murder in the stabbing death of her husband, Otis Dickens. She appeals from the denial of her motion for new trial,[1] challenging the effectiveness of her trial counsel and contending that comments by the trial judge violated OCGA § 17-8-57. Finding no error, we affirm.

1. The jury was authorized to find that Dickens called 911 and said she was going to kill her husband and had armed herself with a knife. Two minutes later Dickens called 911 again and reported that she had stabbed her husband. Police responding to her calls discovered the victim, stabbed but still alive. He died as a result of the stabbing two days later. In statements Dickens voluntarily made to the first officer on the scene and later reiterated, after being informed of her *Miranda* rights, to the investigating detective, Dickens explained that after an earlier quarrel with the victim over her use of the family van, she took an hour and a half walk to think things over; upon her return to the apartment, she punched the sleeping victim in the mouth; the victim awoke, grabbed her and pushed her onto a sofa; Dickens went into the kitchen, obtained a knife, made the first 911 call and kicked in the bedroom door to confront the victim; after the victim retreated into the bathroom, Dickens kicked in the bathroom

---

[1] The victim Otis Dickens, aka Odis Dickens, was stabbed January 30, 1999 and died two days later. Latoya Dickens was indicted April 14, 1999 in Gwinnett County on charges of malice murder, felony murder and possession of a knife during the commission of a felony. She was found guilty of felony murder on August 23, 2001 and was sentenced that day to life imprisonment. Her motion for new trial, filed September 18, 2001 and amended January 4, 2005, was orally denied March 7, 2005 with the written order filed August 15, 2005. A premature notice of appeal was filed April 6, 2005. See *Schramm v. State*, 274 Ga. 113, n. 1 (549 SE2d 402) (2001). The appeal was docketed August 24, 2005 and was submitted for decision on the briefs.

door, struggled with the victim over the knife and stabbed him in the left side, penetrating his lung; she then placed the second 911 phone call and waited for the police to arrive. In explaining her actions, Dickens said that she was "tired of it" and wanted a "normal life." Witnesses for the defense detailed the abusive relationship between Dickens and the victim and an expert in battered person syndrome who evaluated Dickens testified that Dickens was suffering from the syndrome. Dickens testified that she had been in an abusive relationship with the victim since she was 13 years old when he impregnated her with the couple's first child.

The credibility of the witnesses was a matter for the jury. See generally *Hufstetler v. State*, 274 Ga. 343 (1) (553 SE2d 801) (2001). The evidence adduced was sufficient to enable a rational trier of fact to find Dickens guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dickens contends that trial counsel was ineffective in failing to ensure the attendance of Leslie Pines, an out-of-state witness. At the hearing on the motion for new trial, Dickens introduced in support of her claim only her own testimony and that of her trial counsel regarding their understanding that Pines would have testified about the abuse the victim inflicted on Dickens and other women in Louisiana.

In order to prevail on a claim that counsel was ineffective for failing to call a witness, a defendant must show both prongs of the *Strickland* test, i.e., that counsel's performance was deficient and that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Under the first prong, defense counsel may testify about what an uncalled witness had been expected to say and counsel's testimony in this regard does not constitute hearsay when it is used not to establish the truth of what that witness would have said but rather to explain counsel's actions or tactical decisions regarding the uncalled witness. See, e.g., *Allen v. State*, 277 Ga. 711 (3) (593 SE2d 662) (2004) (counsel declined to call witnesses who were not credible due to past criminal activity); *Billups v. State*, 272 Ga. 15 (2) (b) (523 SE2d 873) (1999) (counsel declined to call witnesses who could not corroborate alibi defense). It is well established that the decision as to which defense witnesses to call is a matter of trial strategy and tactics, *Simpson v. State*, 277 Ga. 356 (4) (c) (589 SE2d 90) (2003); tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances. See generally *Jackson v. State*, 278 Ga. 235 (5) (a) (599 SE2d 129) (2004); see also *Styles v. State*, 279 Ga. 134 (4) (610 SE2d 23) (2005) (counsel's failure to call witness was due to reasonable trial strategy). Counsel's testimony

assessing an uncalled witness's testimony is pertinent to this inquiry because it serves to explicate counsel's decision-making process and it is not hearsay because it derives "its value solely from the credit of the witness [rather than resting] mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a).

However, a defendant cannot use defense counsel's testimony about what an uncalled witness had been expected to say in order to establish the truth of that uncalled witness's testimony. Defense counsel's testimony in that regard is hearsay evidence, *Dewberry v. State*, 271 Ga. 624 (2) (523 SE2d 26) (1999); *Prather v. State*, 259 Ga. App. 441 (4) (576 SE2d 904) (2003); see also *Fuller v. State*, 278 Ga. 812 (2) (d) (607 SE2d 581) (2005) (counsel's testimony cannot be used to prove that witness had prior felony); and hearsay, of course, has no probative value. *Bridges v. State*, 279 Ga. 351, n. 12 (613 SE2d 621) (2005). Hearsay evidence cannot be used either under the first *Strickland* prong to rebut the reasonableness of trial counsel's tactical decision or under the second *Strickland* prong to establish that the defense was prejudiced by counsel's deficient performance. Either the uncalled witness must testify or the defendant must introduce a legally recognized substitute for the uncalled witness's testimony.[2]

Although in the typical case defense counsel discusses the expected testimony of a witness in order to justify a tactical decision not to call the witness, in this case counsel testified about the anticipated substance of Pines's testimony in order to explain his opinion that his

---

[2] Numerous cases have indicated in the context of a motion for new trial that a defendant can introduce the substance of an uncalled witness's testimony by means of an affidavit. See, e.g., *Strong v. State*, 275 Ga. 465 (2) (a) (569 SE2d 523) (2002); *Dye v. State*, 266 Ga. App. 825 (2) (c) (598 SE2d 95) (2004); *Prather v. State*, supra, 259 Ga. App. at 444 (4). While an affidavit need not necessarily *contain* hearsay, in that the information recited in the affidavit may be within the personal knowledge of the affiant, nevertheless the affidavit itself *is* hearsay, because it is an extrajudicial statement offered to prove the truth of the matter asserted. See, e.g., *Roger v. State*, 224 Ga. 436, 438 (162 SE2d 411) (1968) (hearsay rule involves extrajudicial utterances offered to evidence the truth of the matter asserted); *Doughty v. State*, 175 Ga. App. 317 (1) (333 SE2d 402) (1985) (hearsay is evidence of extrajudicial statements or declarations of the witness or of another when offered as proof of the matter therein asserted). However, the fact that an affidavit is hearsay does not automatically preclude consideration of the affidavit's contents by the court when there is statutory authority allowing the use of affidavits in lieu of the affiant's own direct testimony. E.g., OCGA § 9-14-48 (habeas corpus proceedings); OCGA § 9-11-56 (summary judgment proceedings). Although our Code does not expressly address the use of affidavits in lieu of direct testimony by willing affiants in the procedural context of a motion for new trial, OCGA § 24-10-40 authorizes any party to a motion for new trial to introduce into evidence the affidavit of any non-party witness "who is unwilling to make affidavit" by following the procedural requirements set forth in the statute. In light of this statutory provision, we conclude that trial courts on motion for new trial are authorized to consider as substantive evidence the information presented by competent affiants in properly-executed affidavits when the affidavit is made on personal knowledge and sets forth facts that would be admissible in evidence.

failure to ensure her attendance at trial meant he performed deficiently. Dickens now seeks to use counsel's testimony, as well as her own testimony about Pines's expected statements, to prove that counsel's deficient performance prejudiced her defense. However, Dickens was required to offer "more than mere speculation" that this witness may have had evidence that would have assisted her case at trial. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 616 (458 SE2d 623) (1995). Hearsay cannot serve to establish that the crucial nature of Pines's testimony would have been relevant and favorable. Accord *Hudson v. State*, 277 Ga. 581 (4) (a) (591 SE2d 807) (2004) (unsworn witness statements made to police insufficient to support claim that failure to call witnesses prejudiced defense). To the extent language in other cases indicates that trial counsel's hearsay testimony may legally be considered in lieu of the uncalled witness's direct or affidavit testimony in these circumstances, that language is hereby overruled. See, e.g., *Cain v. State*, 277 Ga. 309 (4) (588 SE2d 707) (2003).[3]

Therefore, because Dickens neither called Pines to testify at the motion for new trial hearing nor presented a legally acceptable substitute for Pines's direct testimony so as to substantiate her claim that Pines's testimony would have been relevant and favorable to her defense, " 'it was impossible for [Dickens] to show there is a reasonable probability the results of the proceedings would have been different.' " *Goodwin v. Cruz-Padillo*, supra, 265 Ga. at 615. Under these circumstances, ineffective assistance of counsel has not been shown.

3. Appellant contends the trial court committed reversible error by violating OCGA § 17-8-57 when the judge interrupted the direct examination of a defense witness. The transcript reveals that when the witness stated she "never really saw [the victim] hit [appellant],"

---

[3] Our holding in this regard does not implicate offers of proof. An offer of proof is a means by which counsel, after the trial court sustains an objection to a question or a line of testimony, can preserve the matter for appellate review by placing the rejected testimony or a summary of it into the record. Goger, Daniel's Georgia Handbook on Criminal Evidence, § 1-20 (2003 ed.). "This sometimes may be done by asking the court to permit counsel, out of the presence of the jury, to get the answer or line of testimony into the record. If the judge refuses to do this, counsel should state what the rejected testimony would have been." (Footnote omitted.) Id. at 29-30. Counsel's statement in place regarding the rejected testimony thus promotes judicial economy by allowing an abbreviated version of excluded testimony from a willing-to-testify witness to be placed on the record for appellate review rather than utilizing court resources involved in calling and questioning that witness outside the jury's presence regarding the excluded testimony. Even in the context of an offer of proof, however, hearsay is not admissible through the testimony of counsel. Thus, the trial court may properly refuse counsel's offer of proof where there has been no showing that the excluded testimony was from a witness who had either been properly subpoenaed or else prevented by the State from being present at trial and where counsel could proffer only what counsel thought the witness would say. *Castell v. State*, 252 Ga. 418 (2) (314 SE2d 210) (1984). See also Goger, supra at 30.

then went on to say, "[b]ut I knew —," the trial judge interrupted and stopped any further testimony by saying that the witness had answered the question. When the witness was asked about another incident, the trial judge asked the witness if she had seen the victim strike appellant at that time, to which the witness replied she had not. The trial judge then asked defense counsel whether the witness had been informed about hearsay and asked defense counsel to explain hearsay to the witness. Defense counsel complied and resumed her examination of the witness. The witness gave another response based on hearsay, at which time the trial judge interrupted and told the witness to answer the question based on her own knowledge. Counsel's question to the witness about what appellant had told her regarding any incidents of the victim hitting appellant prompted the trial judge to ask when appellant told the witness about being struck by the victim. When the witness began to talk about an incident in Louisiana, the trial judge directed that she listen to the question. Counsel resumed questioning, but the trial judge stopped counsel by interjecting, "No, you asked how often would they talk." At this point, lead defense counsel asked that the jury be excused and, after the jury left, voiced his objection that the trial court was interjecting itself into the case, challenging the witness when no objection had been made by the prosecution, had taken over the role of the prosecution and "plac[ed] upon the jury an opinion of what the Court feels." After the trial court denied appellant's motion for mistrial, the jury returned and defense counsel resumed her examination of the witness.

It is reversible error for "any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." OCGA § 17-8-57. After reviewing the trial transcript, we conclude the trial judge's questions, remarks and directions did not amount to an expression of opinion with regard to the defendant's guilt or innocence or to what had or had not been proven. A trial judge may propound questions to a witness to develop the truth of the case, to clarify testimony, to comment on pertinent evidentiary rules and to exercise its discretion when controlling the conduct of counsel or witnesses in order to enforce its duty to ensure a fair trial to both sides. See *Mullins v. State*, 269 Ga. 157 (3) (496 SE2d 252) (1998); *Owens v. State*, 271 Ga. App. 365 (5) (c) (609 SE2d 670) (2005); *Lockaby v. State*, 265 Ga. App. 527 (1) (594 SE2d 729) (2004). The trial judge's remarks in this case did not violate OCGA § 17-8-57.

*Judgment affirmed. All the Justices concur, except Benham, Carley and Hines, JJ., who concur specially and Melton, J., who concurs in judgment only.*

BENHAM, Justice, concurring specially.

I join the main opinion's affirmance of appellant's conviction and, in so doing, agree that appellant did not meet her burden of proving ineffective assistance of trial counsel stemming from trial counsel's failure to ensure the attendance of the out-of-state witness who did not show up at trial. However, I cannot endorse the rationale employed in the main opinion to reach that conclusion because the main opinion ignores the law of proffer and unnecessarily muddies the waters with regard to the use of affidavits,[4] and because I take issue with the main opinion's assertion that an attorney's testimony regarding the attorney's understanding of the content of a witness's testimony is hearsay.

The main opinion concludes appellant failed to present evidence establishing there was a reasonable probability that the result of her trial would have been different had her trial counsel ensured the attendance of the missing witness because she did not present the contents of the uncalled witness's testimony through that witness's testimony or "a legally recognizable substitute for the uncalled witness's testimony." I, on the other hand, believe appellant, following the directive this Court set out in *Goodwin v. Cruz-Padillo*, 265 Ga. 614 (458 SE2d 623) (1995), presented evidence of the contents of the testimony of the uncalled witness pursuant to the law of proffer, but did not establish that the result of the trial would have been different had the witness testified at trial.

In *Goodwin v. Cruz-Padillo*, supra, we set out the burden of proof required of a defendant who asserted trial counsel performed deficiently by failing to call a witness at trial, and the method by which the defendant was required to attempt to carry the burden. After establishing trial counsel performed deficiently in failing to call a witness, the defendant had to make "an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of [defendant's] case." Id. at 615. We required the defendant " 'to make any proffer of the uncalled witness's testimony . . . to show there is a reasonable probability the results of the proceedings would have been different.' [Cit.]" Id.

A proffer is the presentation of the testimony itself or a summary by counsel of the missing witness's testimony. Goger, Daniel's Georgia Handbook on Criminal Evidence, § 1-20 (2005 ed.). "[T]he proponent [of a proffer] must tell the judge what the tenor of the evidence

---

[4] In a footnote, the majority presents a lengthy analysis on the use of affidavits in connection with motions for new trial despite the fact that no affidavit was used in the case at bar.

would be and why the evidence is logically relevant." McCormick on Evidence, Vol. 1, § 51, p. 218 (5th ed. 1999). "[A]ll that is required [of an offer of proof] is presentation of the pertinent facts on the record, a task that can be accomplished by counsel simply stating the facts on the record." Milich, Georgia Rules of Evidence, § 3.5, p. 32 (2nd ed. 2002). A proffer may be made by having the missing witness testify at the post-trial hearing or by submitting the affidavit of the missing witness at the post-trial hearing (*Roberts v. State*, 263 Ga. 807 (2) (b) (439 SE2d 911) (1994)), or by counsel summarizing what counsel expected the missing witness's testimony to be. See *Cain v. State*, 277 Ga. 309 (4) (588 SE2d 707) (2003). It is an exercise of a trial court's discretion to decide whether, under the circumstances, a proffer will be allowed. See *Castell v. State*, 252 Ga. 418 (2) (314 SE2d 210) (1984) (trial court did not abuse its discretion in disallowing proffer where proffering attorney refused to answer questions concerning the witness's absence and whether the witness was a material witness).

At the hearing on the motion for new trial in the case at bar, trial counsel informed the trial court that the missing witness had been expected to testify about the victim's abuse of appellant while they lived in Louisiana, as well as the victim's physical abuse of the witness. Trial counsel stated his belief the missing witness's testimony would have been helpful to the battered person defense he was presenting, but acknowledged he had no "hard evidence" the testimony would have made a difference in the outcome of the trial. There was neither objection voiced by the State nor concern raised by the trial court with regard to the receipt of trial counsel's summary of his expectation of the missing witness's testimony and its relevancy to the defense he was presenting on appellant's behalf.

The main opinion effectively prohibits a trial court from exercising its discretion to permit trial counsel to summarize the expected testimony of a missing witness on the ground that trial counsel's summary constitutes impermissible hearsay because trial counsel is seeking "to establish the truth of that uncalled witness's testimony." Maj. op. p. 322. I disagree. At the hearing on the motion for new trial where alleged ineffective assistance of counsel was the issue, appellant was not required to prove that she and the missing witness were physically abused by the victim in Louisiana; rather, she was required to show she had a witness who would have supported her battered person defense by testifying about physical abuse inflicted by the victim and that, but for the witness's failure to testify, brought about by trial counsel's failure to take steps to ensure the witness's attendance, the outcome of her trial would have been different. Through the presentation of trial counsel's summary of the testimony expected of the missing witness, appellant is not trying to establish the truth of the uncalled witness's testimony, but only making a

proffer in an attempt to make "an affirmative showing that specifically demonstrates how counsel's failure [to call the witness] would have affected the outcome of [appellant's] case." *Goodwin v. Cruz-Padillo*, supra at 615.

In conclusion, I believe the law of proffer still has a place in post-trial proceedings in which a defendant alleges trial counsel was ineffective for failing to call a particular witness, establishes deficient performance in that regard, and makes the required proffer of the uncalled witness's testimony to show there is a reasonable probability the results of the trial would have been different had the witness testified. I believe appellant made an appropriate proffer through trial counsel's summary of the testimony he had expected the missing witness to give and trial counsel's explanation of the relevancy of that expected testimony to the defense being presented. However, in light of the testimony of the expert on battered person syndrome and the two lay witnesses who described the victim's abuse of appellant while the couple lived in Georgia, I believe appellant did not show a reasonable probability that the missing witness's testimony would have resulted in a verdict other than guilty. Accordingly, I conclude appellant did not meet her burden of proving that trial counsel's performance was so deficient as to require reversal of the judgment of conviction, and I agree with the main opinion that appellant's conviction must be affirmed.

I am authorized to state that Justice Carley and Justice Hines join this special concurrence.

DECIDED MARCH 13, 2006.

*Edwin J. Wilson*, for appellant.

*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.