A11A2306. CHAMBERS v. THE STATE.
(720 SE2d 358)

ANDREWS, Judge.

On appeal from his conviction for cruelty to children, Jacarol Chambers argues that the trial court erred when it questioned a witness and that counsel was ineffective. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that the six-year-old victim was

spending the night of October 8, 2006 with his mother at Chambers's house when Chambers whipped him with a telephone cord, leaving wounds on his back, buttocks, thighs, and groin. Chambers was upset because the victim had broken a pair of glasses and told an investigator at the scene that he had whipped the child with a cord. After she hurt her toe stepping over the child and attempted to treat his injuries only by "soak[ing] him in salty water," the mother took the victim to the emergency room.

Chambers elicited testimony from the treating emergency room physician that the wounds were not bleeding and were "most likely a few days old." Chambers then elicited testimony from an emergency room nurse that the victim had not been treated before arrival. When counsel indicated that he had no further questions of the nurse, the trial court began the following exchange:

Q. Did you notice whether or not the child was bleeding?

A. There was open areas and, like, there was some old, old bleeding there.

Q. Okay. But nothing at the time. You didn't see any blood . . . that could have been [from] a previous time, but you're saying there was none that you saw when he got there to you?

A. I mean, just the dry blood was all.

Q. Okay. So you saw some dried blood?

A. Yes, ma'am.

Q. Okay.

At the hearing on Chambers's motion for new trial, the trial court said that it had asked these questions because "I intended to find out for myself and for the jury . . . whether or not there was seeping blood or dried blood because I thought it was indicative of timing." Specifically, the trial court agreed with the defense's assertion that because Chambers was not present at the house between 8:30 a.m. and 1:30 p.m. on the morning of the day the victim appeared at the emergency room, "if it's fresh blood, still oozing, mama did it," but that "[i]f it's old dry blood, then the jury's going to figure that the defendant did it or [that] mama's with him and she knows who did it." Chambers's motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Chambers's conviction for first-degree cruelty to children. See OCGA § 16-5-70 (b) (defining cruelty to children in the first degree as "maliciously caus[ing] a child under the age of 18 cruel or excessive physical or mental pain"); *Dinkler v. State*, 305 Ga. App. 444, 449-450 (699 SE2d 541) (2010) (evidence that defendant beat victims

with bat and belt was sufficient to sustain conviction on two counts of first-degree cruelty to children).

2. Under OCGA § 17-8-57, "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." As the Supreme Court of Georgia has held, however, a trial court "may propound questions to a witness to develop the truth of the case, to clarify testimony, to comment on pertinent evidentiary rules and to exercise its discretion when controlling the conduct of counsel or witnesses in order to enforce its duty to ensure a fair trial to both sides." *Dickens v. State*, 280 Ga. 320, 324 (3) (627 SE2d 587) (2006).

This trial court propounded a short series of questions in order to establish whether the witness had seen fresh or dried blood on the victim. Once the witness's testimony had been clarified on this relevant point, the trial court expressed no opinion as to what had been proved or its significance as to Chambers's guilt. There was no abuse of discretion here. *Dickens*, 280 Ga. at 324 (3); see also *Curry v. State*, 283 Ga. 99, 102 (4) (657 SE2d 218) (2008) (trial court did not violate OCGA § 17-8-57 when its questions were "entirely objective, did not suggest any particular answer to the witness, and related to the events surrounding" the crime).

3. Chambers argues that trial counsel was ineffective in failing to develop evidence and argument concerning the victim's and the mother's motives to lie. We disagree.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs*, 272 Ga. at 88 (4).

At the hearing on Chambers's motion for new trial, counsel testified that inconsistencies in the victim's and the mother's accounts were obvious to her and must have been to the jury as well. The record shows, for example, that the mother could not say on cross-examination whether she hurt her toe before or after her child was beaten. It was also established at trial that the mother had previously been convicted of second-degree cruelty to children and that she had lied to police and contradicted herself on the stand concerning the details of the incident. Trial counsel also testified that because she believed that the victim was lying and that the mother had beaten him, she had asked the victim three times whether he had been coached, but that he

consistently denied having been.

Counsel could have reasonably concluded that the only effective way to undermine the child's credibility was to suggest, as she repeatedly did, that the mother was lying. Chambers proffered no evidence at the hearing on the motion for new trial to show that counsel might well have succeeded in undermining the victim's testimony further. Under these circumstances, counsel could not have been ineffective, nor could Chambers have suffered prejudice, for failing to introduce additional evidence as to either witness's lack of credibility. See *Lyons v. State*, 269 Ga. App. 27, 31 (3) (d) (602 SE2d 917) (2004) ("Trial counsel's failure to present cumulative evidence does not amount to ineffective assistance"); *Dickens*, supra, 280 Ga. at 322 (2) (defendant must put up evidence in addition to counsel's statements at hearing sufficient to rebut the presumption that counsel's tactical decisions were reasonable).

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED NOVEMBER 29, 2011.

*Grayson P. Lane*, for appellant.

*Jacquelyn L. Johnson, District Attorney, Jan Kennedy, Assistant District Attorney*, for appellee.